[Civ. No. 4258. Third Appellate District.—January 28, 1931.]

JOHN HOLAHAN et al. v. CHARLES T. McGREW et al., Defendants; WEST SIDE TRANSIT COMPANY, Appellant.

444

B. P. Gibbs and Walter W. Little for Appellant.

Frank H. Jacques and Fred E. Helwig for Respondents.

MR. JUSTICE THOMPSON (R. L.) DELIVERED THE OPINION OF THE COURT. — This is a separate appeal on

the part of West Side Transit Company from a joint and several judgment for damages for personal injuries sustained by Mrs. Holahan which were caused by the dislodging of a timber used as a part of a canopy which was constructed over a sidewalk for the protection of pedestrians.

The facts of the case are related in greater detail in the opinion this day filed (*ante*, p. 430 [295 Pac. 1054]), in the same case which determines the appeal from this judgment on the part of the other defendants.

The defendant Commonwealth Building & Loan Association of Long Beach owns two lots at the corner of Pine Avenue and Broadway, in the city of Long Beach, upon which it was engaged in constructing a building. The defendant C. T. McGrew & Sons had the contract for this structure. Pursuant to a city ordinance a canopy had been erected, for the protection of pedestrians, over the sidewalk in front of the building. The canopy did not conform to the specifications required by the ordinance. Several cross-timbers extended beyond the curbing, over the street, a distance of from three inches to two feet. At the point where this canopy was maintained during the construction of the building busses were accustomed to stop to receive and discharge passengers. At 3 o'clock on the afternoon of January 7, 1927, the plaintiff Frances Holahan was waiting beneath this canopy for a bus. This appellant, West Side Transit Company, was engaged in operating a system of autobusses for the purpose of transporting passengers in that vicinity. Virgil Abbott was the driver of one of these buses. At the time mentioned he turned the bus in close to the curbing at this canopy to stop for passengers. This appears to have been his first trip since the completion of the canopy. He claims that he did not observe any of the timbers which extended beyond the curbing over the street. Opposite the very point where he was accustomed to stop, a cross-timber, which was nailed to the upright posts about eight feet above the street, protruded beyond the curbing a distance of eight inches. The top of the bus struck this timber, knocking it from the posts to which it was nailed. This dislodged other planks, one of which struck Mrs. Holahan, breaking her shoulder and otherwise injuring her. Suit for damages was brought against all the defendants jointly. The cause was tried with a jury. A joint and

several judgment for the sum of $4,724 was rendered against them. From this judgment the West Side Transit Company perfected a separate appeal.

It is asserted by this appellant that the court erred in refusing to grant its motion for a nonsuit, that this appellant is free from negligence and that the contractor's violation of the ordinance in the construction of the defective canopy amounted to negligence *per se,* constituting it an insurer against injuries resulting therefrom.

The jury found a verdict against the owner of the property, the contractor who constructed the canopy and this appellant as joint tort-feasors. Assuming that the canopy was constructed in violation of the city ordinance and that both the owner and the builder of the canopy were therefore guilty of negligence *per se* which proximately caused the accident, this does not necessarily relieve the Transit Company from liability provided it was also guilty of negligence which directly contributed to the injuries sustained by Mrs. Holahan.

The rule of law is well established that even though different parties may not act together with a common purpose which results in injury to another, if their concurring negligence produces the injuries complained of, both may be liable for damages as joint tort-feasors. (19 Cal. Jur. 664, sec. 90; *Buttrick* v. *Pacific Elec. R. Co.,* 86 Cal. App. 136, 140 [260 Pac. 588]; 45 C. J. 895, sec. 476.) The fact that one of the tort-feasors may be guilty of negligence *per se,* for violation of a statute or ordinance, does not relieve the other provided his acts or omissions, concurring with those of the first wrongdoer, proximately cause the injuries complained of. Under such circumstances both would be equally liable. In the present case the negligent construction of the canopy so as to permit timbers to extend beyond the curbing, which resulted in an accident and caused injuries to one who was lawfully at that place and free from contributory negligence, renders the owner of the property and the contractor liable for negligence. At the same time the driver of an autobus who carelessly and negligently operated his machine so as to strike one of these protruding timbers and dislodge other planks which fell upon and injured a pedestrian standing beneath the canopy, would also impute negligence to the owner of the bus which

he was driving. When several similar timbers of the canopy, in the immediate vicinity, extended over the street within plain view of the driver of a machine it would become his duty to exercise care, in driving his machine up to the curbing, to make a reasonable allowance for such protruding timbers. It was the province of the jury to determine whether the driver saw such protruding timbers or whether, in the exercise of ordinary care as a reasonable person, he should have seen and avoided them. (*Carroll* v. *Central Counties Gas Co.*, 74 Cal. App. 303 [240 Pac. 53] ; 19 Cal. Jur., p. 729, sec. 138.) Approaching a structure of that sort bordering on the street, the exercise of ordinary care would prompt a driver who proposed to stop his machine at that point to look for dangerously protruding timbers. The verdict of the jury infers that they found the driver of the autobus guilty of negligence in that regard. There is ample evidence to support this finding.

The respondents argue that except for the negligence of the contractor in violating the canopy ordinance and extending the cross-timbers beyond the curbing over the street the accident would not have occurred. It is equally true that except for the careless act of the driver of the bus in failing to observe these protruding timbers and in running the machine so close to the curbing as to come in contact with this particular protruding timber the accident would not have occurred.

The appellant asserts that the driver of the bus had a right to assume the contractor would not violate the ordinance and extend timbers beyond the curbing so as to obstruct the street. But this assumption that one will not violate the law does not excuse another for blindly driving into danger without using his eyes to observe the obstruction which is plainly visible. One who relies upon the observance of a statute or ordinance by another may not complain of its violation while he himself is guilty of negligence which concurs directly in the cause of the injuries. (*Carroll* v. *Central Counties Gas Co.*, 74 Cal. App. 303, 309 [240 Pac. 53].) In 19 California Jurisprudence, page 596, it is said: ''One who is himself not negligent is entitled to rely upon the presumption that others will exercise due care, so that it is not negligence to fail to anticipate danger which can come only from a violation of law or duty upon

the part of another. . . . But reliance upon this presumption does not excuse one who is himself negligent."

■ The evidence in this case is ample to support the implied finding that this appellant was guilty of concurrent negligence which proximately caused the injuries sustained by Mrs. Holahan. The motion for a nonsuit was therefore properly denied.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 27, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 26, 1931.