[Civ. No. 10607.   Second Appellate District, Division One.—October 19, 1936.]

HAROLD OLDHAM, Respondent, v. AETNA INSURANCE COMPANY (a Corporation) et al., Appellants.

Hindman & Davis, E. Eugene Davis and Angus C. McBain for Appellants.

Joseph Scott, Theodore C. Heyl and Cuthbert J. Scott for Respondent.

DORAN, J.—This is an appeal by defendants Aetna Insurance Company and Everett Moran from a judgment on a verdict entered against them in favor of plaintiff.

The action was brought by plaintiff, Harold Oldham, for damages alleged to have been sustained by virtue of an alleged false arrest and imprisonment. The plaintiff was arrested without a warrant on November 27, 1933, on suspicion of grand theft and violation of sections 548 and 549 of the Penal Code of California, by R. E. Warwick, detective lieutenant of the Glendale police department. Appellant Moran, who was an independent insurance adjuster, to whom Aetna Insurance Company had assigned the adjustment of Mr. Oldham's loss, was present at the time of the arrest.

At the conclusion of plaintiff's case, plaintiff dismissed the action as to three defendants, namely, Marshall Rankin, Mervyn F. Collopy, alleged to be special adjusters of Aetna Insurance Company, and R. E. Warwick, the detective lieutenant who arrested plaintiff.

The record reveals that plaintiff's apartment was burglarized on September 29, 1933. At that time he was insured with the Aetna Insurance Company against loss from burglary and theft, and he filed a claim with said company for loss alleged to represent the value of the articles stolen. in the sum of $1575. The complaint in the usual form alleged that appellants caused respondent's arrest and that said arrest was without probable cause.

The jury returned the following verdict: "We, the jury in the above entitled action, find for the plaintiff and

against the defendants Aetna Insurance Co. and Everett S. Moran and assess plaintiff's damages against defendant Aetna Insurance Co. at $282.00 special damages, $6000.00 compensatory damages and $ none exemplary damages, and assess plaintiff's damages against defendant Everett S. Moran at $282.00 special damages, $4000.00 compensatory damages and $ none exemplary damages.''

Upon said verdict the following judgment was entered: ''Wherefore, by virtue of the law, and by reason of the premises aforesaid, it is ordered, adjudged, and decreed that said Harold Oldham have and recover from said Aetna Insurance Company the sum of $6282.00 and from Everett S. Moran the sum of $4282.00, together with his costs and disbursements incurred in this action, amounting to the sum of 454 and 00/100 dollars.''

At the outset it should be noted that the verdict was for compensatory damages and special damages only; no punitive damages were awarded. ■ The law appears to be well settled that where the action is for compensatory damages suffered on account of a wrong in which both defendants join, the damages cannot be severed. (*McCool* v. *Mahoney*, 54 Cal. 491.)

■ In *Marriott* v. *Williams*, 152 Cal. 705, 711 [93 Pac. 875, 125 Am. St. Rep. 87], the Supreme Court declared: ''In actions against two or more persons for a single tort, there cannot be two verdicts for different sums against different defendants upon the same trial. There can be but one verdict for a single sum against all who are found guilty of the tort. All who are guilty at all are liable for the whole amount of the actual damages arising from the injury inflicted, irrespective of the degree of culpability.'' On the same subject the Supreme Court has further declared as follows: ''In an action for compensatory damages against joint tort feasors,—the action contemplated by section 3333 of the Civil Code,—the law will not permit an apportionment of the damages, since it will not attempt to measure the degrees of culpability of the joint tort feasors; nor in an action for malicious prosecution, where the existence of malice in fact must be found against every tort feasor before any judgment can be rendered against him, will the law, for the same reason, admit or permit an apportionment of damages'' (*Davis* v. *Hearst*, 160 Cal. 143,

169 [116 Pac. 530]), and to the same effect in *Hallinan* v. *Prindle,* 220 Cal. 46, 55 [29 Pac. (2d) 202]. The evidence in the instant case supports the necessary and implied finding that appellants were joint tort-feasors.

The doctrine that " . . . all reasonable inferences will be indulged in to support rather than defeat the verdict and judgment" (*Snodgrass* v. *Hand,* 220 Cal. 446, 449 [31 Pac. (2d) 198, 200]) cannot be applied to serve respondent in the case at bar. Such doctrine does not operate to validate a verdict and judgment that are inherently invalid. Appellants' contention that the judgment is invalid is sustained.

It is unnecessary to consider other questions raised by the appeal.

From a reading of the record it does not appear that the evidence was insufficient to support the verdict in favor of plaintiff and therefore the order denying defendants' motion for judgment notwithstanding the verdict is affirmed.

The judgment is reversed and cause remanded.

Houser, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 10, 1936, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 17, 1936.