[Civ. No. 35843. First Dist.. Div. One. Aug. 29. 1975.]

WILLIAM HUTCHINS, Plaintiff and Appellant, v.
GERALD G. WATERS, Defendant and Respondent.

**COUNSEL**

Judd C. Iversen and Norman Harris for Plaintiff and Appellant.

Bledsoe, Smith, Cathcart, Boyd & Eliot and Lawrence G. Lossing for Defendant and Respondent.

## Opinion

**ELKINGTON, J.**—The parties have presented an "Agreed Statement on Appeal" which, as we find relevant, recites the following:

. "The case was for personal injuries suffered by plaintiff-appellant William Hutchins, on June 11, 1971 when the bus which he was driving was struck in the rear by the vehicle of the defendant-[respondent] Gerald G. Waters. At the time of the collision, Appellant had stopped his bus in the traffic lane next to the bus zone since there was a truck parked in the bus zone.

"On August 30, 1973, Appellant's case was consolidated for trial with the action for personal injuries by Frances Thomas, arising from the same collision. Ms. Thomas was a passenger in the San Francisco Municipal Railway bus driven by Appellant.

"On December 20, 1973 an Offer to Compromise, pursuant to CCP § 998 was made to both plaintiffs by defendant Waters. The offer was for an aggregate sum of Six Thousand Two Dollars ($6,002.00). The amount to be apportioned to Appellant was specified in the offer as Two Thousand Two Hundred Fifty-one Dollars ($2,251.00) but neither party could accept the offer unless the other also agreed to accept.

"On January 7, 1974 both cases were tried in the Superior Court in San Francisco, and a verdict was returned in favor of the Plaintiff-Appellant in the amount of $750.00.

"On January 25, 1974, defendant filed a Memorandum of Disbursements, pursuant to CCP § 998 for his costs from the beginning of the action. On February 1, 1974, plaintiff filed a Motion to Strike defendant's cost bill and/or retax costs.

"The matter was heard by the trial judge on February 27, 1974 and plaintiff's Motion to Strike defendant's costs was granted. only as to one-half of the jury fees.

"The sole issue on appeal is whether the defendant should be granted his costs under CCP § 998 when the *Offer of Compromise [that] was made was for an aggregate sum with the apportionment between the plaintiffs given but which had to be accepted by both plaintiffs.*" (Italics added.)

Although the agreed statement is silent on the subject, the parties' briefs concede that *neither* of the plaintiffs at any time accepted, or offered to accept, defendant Waters' offer.

Code of Civil Procedure section 998 provides, in part, as follows: "(b) . . . any party may serve an offer in writing upon any other party to the action to allow judgment to be taken in accordance with the terms and conditions stated at that time. If such offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly. . . . (c) If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment, the plaintiff shall not recover his costs and shall pay the defendant's costs from the time of the offer. In addition, in any action or proceeding other than an eminent domain action, the court, in its discretion, may require the plaintiff to pay the defendant's costs from the date of filing of the complaint and a reasonable sum to cover costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in the preparation of the case for trial by the defendant."

Plaintiff Hutchins' appeal is from the portion of the superior court's minute order of March 14, 1974, which denied his "motion to . . . retax costs [except] as to ½ jury fees." This ruling would result in a judgment for costs against him in the amount of $1,066.95, which included $529 for services of an expert witness of defendant.

■ The question before us appears to be one of first impression.

We are of course concerned with the legislative intent behind the enactment of section 998. (*Mercer* v. *Perez,* 68 Cal.2d 104, 112 [65 Cal.Rptr. 315, 436 P.2d 315].) This intent is best determined by the language of the statute (*Application of Monrovia Evening Post,* 199 Cal. 263, 269-270 [248 P. 1017]; *Riebe* v. *Budget Financial Corp.,* 264 Cal.App.2d 576, 585 [70 Cal.Rptr. 654]), for it will be assumed " 'that the Legislature knew what it was saying and meant what it said' '' (*Rosas* v. *Montgomery,* 10 Cal.App.3d 77, 90 [88 Cal.Rptr. 907, 43 A.L.R.3d 537]).

It is noted that section 998 gives rise to a liability for costs against a prevailing party of an action, a liability which was previously nonexistent. Such a " ' "statute creating a new liability, or increasing an existing liability, or even a remedial statute *giving a remedy against a party who would not otherwise be liable,* must be strictly construed in favor of the

persons sought to be subjected to their operation." ' "(*Weber* v. *Pinvan*, 9 Cal.2d 226, 229 [70 P.2d 183, 112 A.L.R. 407].)

The statute at issue does not by its terms contemplate a *conditional* settlement offer made, as here, by a defendant to each of two plaintiffs, *to become effective only if accepted by both*. Instead, its benefits purport to apply where there is served an *unconditional* "offer in writing upon *any other party to the action*" (italics added), or to *each* of several other parties to the action. Were we to otherwise construe section 998, we would in effect " 'rewrite the statute to conform to an assumed intention which does not appear from its language.' " a function not permitted us. (See *Vallerga* v. *Dept. Alcoholic Bev. Control*, 53 Cal.2d 313, 318 [1 Cal.Rptr. 494, 347 P.2d 909]; *Rowan* v. *City etc. of San Francisco*, 244 Cal.App.2d 308, 314 [53 Cal.Rptr. 88].)

Defendant Waters in his brief submits that: "[T]he proper rule to govern this situation is that a joint offeree must, to avoid the assessment of costs under CCP § 998, indicate his willingness to accept the settlement offer, and communicate that acceptance to the other parties. If the other joint offeree then declines to accept the offer, the accepting offeree would be relieved of his liability under the cost-assessment provisions of the statute, for the simple reason that he had, as to the offer made to him, made an acceptance. This approach would deprive no party of his rights because of the obstinacy of a co-offeree, and at the same time would insure that the overall legislative purpose behind the compromise statute would be well served." It may be that "This approach" is a sound one, but the statute's language indicates that it was not the one chosen by the Legislature.

Further, we opine that the construction here given the statute serves the policy behind it (see 12 Cal.Jur.3d, Compromise, Settlement, and Release, § 54, p. 352), for even though all plaintiffs be unwilling to accept the individual settlement offers made them, it is in the public interest that each be given the opportunity to accept and consummate the offer made him.

The case of *Randles* v. *Lowry*, 4 Cal.App.3d 68, 74 [84 Cal.Rptr. 321], is of no aid to defendant Waters. That case concerned Code of Civil Procedure section 997 (repealed 1971), a substantially similar predecessor statute to the present section 998. There three plaintiffs had allegedly suffered severable damages, and the defendant offered to settle their claims for $2,300 without designating how it should be divided. The

appellate court. finding it "impossible to say that any one plaintiff received a less favorable result than he would have under the offer of compromise." found the settlement offer legally ineffectual. The court did not purport to rule on the effect of a conditional offer of the type here made.

Responding to the single issue posed by the parties to this appeal. we hold that a defendant will *not* "be granted his costs under CCP § 998 when the Offer of Compromise [that] was made was for an aggregate sum with the apportionment between the plaintiffs given but which had to be accepted by both plaintiffs."

The minute order dated March 14. 1974. is reversed .insofar as it purports to award defendant costs under the authority of Code of Civil Procedure section 998: in all other respects it is affirmed. Plaintiff's purported appeal from a nonappealable order denying a new trial (see 6 Witkin. Cal. Procedure (2d ed. 1971) Appeal. § 71. p. 4084) is dismissed. Plaintiff will recover his costs of appeal.

Molinari. P. J.. and Weinberger. J..* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.