[Civ. No. 56270. Second Dist., Div. One. June 25, 1980.]

JOAN M. HILLIGER, Plaintiff and Appellant, v.
MARILYN GOLDEN et al., Defendants and Respondents.

### Counsel

Moriarity & Tepper and John L. Moriarity for Plaintiff and Appellant.

Early, Maslach, Leavey & Nutt and Frank J. Ceglar, Jr., for Defendants and Respondents.

### Opinion

**RIMERMAN, J.***—Plaintiff appeals from an order taxing costs.[1] The order did not allow costs for experts who testified on her behalf at trial.

---

*Assigned by the Chairperson of the Judicial Council.

[1]An order granting motion to tax costs is appealable as an order made after a judgment. (Code Civ. Proc., § 904.1, subd. (b); *Westerholm* v. *20th Century Ins. Co.* (1976) 58 Cal.App.3d 628 [130 Cal.Rptr. 164].)

## FACTS

Francene Golden, while driving her mother's car had an accident with the plaintiff. Plaintiff sued Francene Golden, the driver, and Marilyn Golden, the owner of the car.

On April 26, 1977, plaintiff served on Francene Golden, an offer to compromise in the sum of $14,999.99 pursuant to section 998 of the Code of Civil Procedure. This offer was not acted upon by defendant.

On July 3, 1978, plaintiff served on Marilyn Golden, an offer to compromise in the sum of $9,999.99 pursuant to section 998 of the Code of Civil Procedure. This offer to compromise was not acted upon.

The case was set for trial for July 12, 1978, and trailed to July 20, 1978, at which time the case resulted in a mistrial.

The case was reset for trial and tried commencing August 7, 1978. A judgment in favor of the plaintiff was entered on August 15, 1978, in the sum of $15,000. A cost bill was filed August 24, 1978, showing a total cost of $2,590.85. Defendant filed a motion to strike certain costs relying on Code of Civil Procedure section 998, subdivision (d).[2] The motion was granted. Costs were allowed to the plaintiff in the sum of $540.85. The expert witness fees in the sum of $2,050 submitted by plaintiff, were disallowed. It is the judgment of disallowance of these fees which is before the court on this appeal.

## ISSUES

■ Counsel declare the issues to be: What is the effect of a single verdict against two defendants when there are separate offers to compromise against each defendant individually?

Plaintiff argues that in this case, where the driver of the defendant vehicle is not the owner, the owner's liability is derivative and that the liability of the driver and owner merge. Plaintiff seeks to have logic ap-

---

[2]Code of Civil Procedure section 998, subdivision (d) provides: "If an offer made by a plaintiff is not accepted and the defendant fails to obtain a more favorable judgment, the court in its discretion may require the defendant to pay a reasonable sum to cover costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, the preparation or trial of the case by the plaintiff, in addition to plaintiff's costs."

plied to her position because she has been unable to find cases to substantiate her position. She says because there is a merger of the judgment, i.e., $15,000, neither of her offers to compromise exceeded said sum of $15,000.

Defendants argue that the statute is controlling and must be strictly construed. That the offers to compromise should be combined, but if not combined, then to which defendant is the offer attributable? What part of the judgment covers which offer to compromise?

## DISCUSSION

The awarding of expert witness fees by the statute herein is discretionary with the court. (Code Civ. Proc., § 998, subd. (d), *ante*, fn. 2.) ▪ Where a court has been invested with discretion to perform an act, and it so acts, its action can only be set aside for an abuse of discretion. (*Irvine* v. *Perry* (1897) 119 Cal. 352 [51 P. 544, 949]; *Hale* v. *Hale* (1935) 6 Cal.App.2d 661 [45 P.2d 246]; *Keogh* v. *Maulding* (1942) 52 Cal.App.2d 17 [125 P.2d 858].)

An abuse of discretion may be found ". . . whenever in the exercise of its discretion the court exceeds the bounds of reason, all of the circumstances before it being considered." (*Berry* v. *Chaplin* (1946) 74 Cal.App.2d 669 [169 P.2d 453]; *National Union Fire Ins. Co.* v. *Superior Court* (1967) 252 Cal.App.2d 568 [60 Cal.Rptr. 535]; *Sharon* v. *Sharon* (1888) 75 Cal. 1 [16 P. 345]; *Brown* v. *Gordon* (1966) 240 Cal.App.2d 659 [49 Cal.Rptr. 901].)

▪ Appellant herein made a motion to the trial court for rehearing of motion to tax costs. The motion was argued and denied. However, appellant cites us to the proceedings in court at that time by the following excerpt from the reporter's transcript at page 4, lines 9 through 24: "THE COURT: The whole purpose on 998 is to encourage settlements, and I don't believe the conduct in this particular case leading up to the time of trial and such was designed to encourage a settlement. And I just—I think you perhaps have just outsmarted yourself, Mr. Moriarity. [¶] I am going to let the ruling stand as it was made.

"MR. MORIARITY: The Court's feeling, then, is—to make clear, if I may, sir; is it because there is a 998 offer for fifteen thousand and a 998 offer for ten thousand, both being a penny less than that amount,

that the two of them are combined and the carrier would be forced to pay $25,000 or they could not settle it?

"THE COURT: That's as you had it, yes.

"MR. MORIARITY: That's the Court's position?

"THE COURT: Yes, sir."

As is quite evident, the court and counsel recognize the purpose of the section 998 offers, to wit, to foster settlement of cases. Settlement of cases has long been looked upon with favor by the courts and the law. (*Rohrbacher v. Aitken* (1904) 145 Cal. 485 [78 P. 1054]; *Estate of Howe* (1948) 88 Cal.App.2d 454 [199 P.2d 59]; *Silver v. Shemanski* (1949) 89 Cal.App.2d 520 [201 P.2d 418]; *Cassin v. Financial Indemnity Co.* (1958) 160 Cal.App.2d 631 [325 P.2d 228]; 11 Cal.Jur.2d, Compromise and Settlement, § 2, p. 3; 12 Cal.Jur.3d, Compromise, Settlement, and Release § 54, p. 352.)

However, the trial court here, concluded that since there were two defendants and two section 998 offers were made, albeit at different times, the court decided to combine the two offers for a total of $24,999.98, and since the verdict of the jury was $15,000, the appellant is denied "a reasonable sum to cover costs of the services of expert witnesses,...actually incurred...by the plaintiff...." (Code Civ. Proc., § 998, subd. (d) in pertinent part.)

Is this the proper approach for the court to have taken? If the verdict of the jury had been $25,000, $30,000, any other higher sum, including $24,999.98, to which defendant would it have been attributable? (2 Cal. Civil Procedure Before Trial (Cont.Ed.Bar 1978) § 33.13, p. 467.) The driver of the vehicle could say the verdict is not attributable to her and therefore the costs of expert witnesses should not be her responsibility. The owner of the vehicle could advance the same arguments and thus leave the court on the horns of a dilemma. One or the other of the defendants may obtain an unjustified windfall if their respective pleas are sustained by the trial court, to the detriment of the plaintiff, who attempted to follow the law in an effort to settle the case.

Counsel for appellant indicates that he has been unable to find any case that is dispositive of the issue herein, and respondent agrees that

appellant may be correct in this assertion. However, respondent cites us to the case of *Randles* v. *Lowry* (1970) 4 Cal.App.3d 68 [84 Cal.Rptr. 321], which had before it Code of Civil Procedure section 997, where a joint offer to compromise was extended by defendant to three plaintiffs, but did not designate the amount as to each individually. The total verdicts were less than the offer to compromise. The court on appeal held that the offer of compromise was a nullity because it was made to all plaintiffs without designating how it should be divided among them, and so Code of Civil Procedure section 997 did not apply. The *Randles* court, at page 74, said "The offer was made jointly to all plaintiffs, without designating how it should be divided between them. It is therefore impossible to say that any one plaintiff received a less favorable result than he would have under the offer to compromise."

Using the same analogy here, in a reverse situation, the jury awarded a verdict in favor of plaintiff "and against the defendants, Marilyn Golden and Francene Golden, and assess damages in the sum of $15,000."

Plaintiff had offered to compromise against defendant Francene Golden, on April 26, 1977, for $14,999.99. The judgment rendered was for $15,000, 1 cent more than the offer to compromise, as to this defendant.

Plaintiff had offered to compromise against defendant Marilyn Golden, on July 3, 1978, for $9,999.99. The judgment rendered was for $15,000, $5,000.01 more than the offer to compromise, as to this defendant.

Had the judgment designated the extent to which the $15,000 was apportioned as to each defendant, we may have had a different problem facing us, and perhaps in cases of this nature, judgments should be apportioned,[3] and perhaps costs could therein be apportioned. However, we are bound by the one judgment rule, in California, especially where, as in the case at bench, the defendants are jointly and severally liable.

The interests of the defendants were identical. At least there is nothing in the record on appeal to indicate otherwise. Both defendants were joined in the action, presumably one defendant as the owner and the

---

[3] 2 California Civil Procedure Before Trial (Cont.Ed.Bar 1978) section 33.13, page 467.

other defendant as the permissive-user-driver. When judgment was rendered against the defendants, they became jointly and severally liable. It would be improper to apportion the judgment (*Holahan* v. *McGrew* (1931) 111 Cal.App. 443 [295 P. 1059]; *Shea* v. *City of San Bernardino* (1936) 7 Cal.2d 688 [62 P.2d 365]; *Gray* v. *Sutherland* (1954) 124 Cal.App.2d 280 [268 P.2d 754]; *Hallinan* v. *Prindle* (1934) 220 Cal. 46 [29 P.2d 202]; *Oldham* v. *Aetna Ins. Co.* (1936) 17 Cal.App.2d 144 [61 P.2d 503]; 4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 35, p. 2333; *Brown* v. *Nolan* (1979) 98 Cal.App.3d 445 [159 Cal.Rptr. 469]; *Bindrim* v. *Mitchell* (1979) 92 Cal.App.3d 61 [155 Cal.Rptr. 29].)

To disallow to appellant her costs expended for expert witnesses testifying at trial would thwart the tenor and the spirit of the law under which an offer to compromise is made. The law is not a commercial enterprise, nor is the lawsuit a commodity in the stream of commerce.

Furthermore, if we look to the judgment and to the costs, which the court did allow, we find that the total judgment to this point is the total sum of $15,540.85, which again makes a more favorable recovery to the plaintiff herein. (*Bennett* v. *Brown* (1963) 212 Cal.App.2d 685 [28 Cal.Rptr. 485].)

The cases involving section 998 offers have considered preoffer costs. The case at bench seems to be the only one thus far considering postoffer costs, to wit: expert witness fees.[4] To award such costs or not to award such costs is within the discretion of the court. (*Simmons* v. *Wexler* (1979) 94 Cal.App.3d 1007, 1015 [156 Cal.Rptr. 810].)

Had plaintiff's offer to compromise, served on April 26, 1977, been accepted, the case would have been settled in its entirety, and likewise as to the offer of July 3, 1978. Both defendants are joint tortfeasors. (*Savoia* v. *Moorehead* (1948) 83 Cal.App.2d 147 [188 P.2d 260], citing *Shea* v. *City of San Bernardino, supra,* 7 Cal.2d 688.) A plaintiff making a recovery against one joint tortfeasor may not then proceed against the other unless there may be an agreement to that effect, by the parties. But if plaintiff does pursue the remaining joint tortfeasor, his recovery is diminished by the amount recovered from the first joint tortfeasor.

---

[4](See fn. 2, *ante;* Code Civ. Proc. § 998, subd. (d).)

Thus, it may be said that the offers made in this case were single, separate offers to both defendants, at different times. When the first offer was made and not acted upon, the plaintiff may be said to have reevaluated her case and submitted a different offer.

Under the circumstances of this case, we conclude that there was an abuse of discretion by the trial judge in not allowing the costs herein contended for by the plaintiff.

The order taxing costs is reversed with directions to the trial court to recompute costs in accordance with the views expressed herein.

Jefferson (Bernard), P. J., and Lillie, J., concurred.