MICHAEL LENTZ AND GWEN LENTZ, APPELLANTS, V. I.D.S. FINANCIAL SERVICES, INC., AND MARK ERNST, RESPONDENTS.

No. 24474

March 2, 1995                                        890 P.2d 783

[Rehearing denied September 28, 1995]

*Kevin J. Mirch,* Reno; *Vannah & Costello,* Las Vegas, for Appellants.

*Guild, Russell, Morgan, Gallagher & Fuller,* Reno, for Respondents.

## OPINION

*Per Curiam:*

This appeal involved many assignments of error. We have considered each assignment of error, and conclude that none warrants the reversal of the judgment below or any of the district court's orders, except the district court's order awarding attorney's fees. We elect only to address the district court's award of attorney's fees in this opinion.

The relevant facts are as follows: Appellant Gwen Lentz (Gwen) filed a complaint against respondent IDS Financial Corporation (IDS) on March 11, 1992, which stated claims for breach of an employment contract, wrongful termination and sexual discrimination. Subsequently, on June 16, 1992, Gwen and her husband, appellant Michael Lentz (Mike) (collectively the Lentzes), together filed an action against IDS and respondent Mark Ernst (Ernst), vice-president and general manager of the Tax and Business Services division of IDS, which alleged violations of NRS 207.400(1)(a)-(c) (Nevada's RICO statutes), failure to disclose, breach of contract, intentional interference with business, negligent and intentional infliction of emotional distress, embezzlement, conversion and breach of the covenant of good faith and fair dealing. The two cases were consolidated for trial. Before trial, IDS and Ernst made an offer of judgment to the Lentzes pursuant to NRCP 68.

Several of the Lentzes' claims were dismissed or summarily disposed of before and during trial. The Lentzes' remaining claims went to a jury which found against the Lentzes on those claims. Following the jury's verdict, IDS moved for attorney's fees pursuant to NRCP 68.[1] The district court granted this motion and awarded IDS the attorney's fees IDS incurred after the date it made the offer of judgment. The Lentzes challenge the award of attorney's fees.

IDS and Ernst's offer of judgment provided:

Pursuant to Rule 68 of the Nevada Rules of Civil Proce-

---

[1]A trial court may award attorney's fees to a party who makes an offer of judgment pursuant to NRCP 68 if the offeree does not accept the offer and "the judgment finally obtained by the offeree is not more favorable than the offer." NRCP 68.

dure and Nevada Revised Statutes 17.115, defendants IDS Financial Services, Inc., and Mark Ernst, offer to allow judgment to be taken against them in this action in the amount of $20,000, to be apportioned equally between plaintiffs Mike Lentz and Gwen Lentz, together with court costs accrued to date, in full satisfaction of all claims asserted herein against defendants.

The Lentzes argue that this offer of judgment was invalid because it was conditioned on both the Lentzes agreeing to the offer. We conclude that IDS and Ernst's offer of judgment, although not expressly conditioned upon both Mike's and Gwen's acceptance, can only be fairly read as in fact being conditioned upon acceptance by both Lentzes. Read this way, the offer is an invalid NRCP 68 offer.

This court, in holding that an offer of judgment which did not apportion the offer among several plaintiffs was invalid, recently explained that the purpose of NRCP 68 is to encourage litigants who receive offers of judgment to settle their lawsuits by forcing the offeree to "balance the uncertainty of receiving a more favorable judgment against the risk of receiving a less favorable judgment and being forced to pay the offeror's costs and attorney's fees."[2] Bergmann v. Boyce, 109 Nev. 670, 677-78, 856 P.2d 560, 565 (1993). We went on to conclude in *Bergmann,* that an unapportioned joint offer of judgment deprives the individual offerees of the opportunity to assess the attendant risks. *Id.* at 678, 856 P.2d at 565. While a conditional offer which is apportioned permits the respective offerees to assess the "attendant risks," it deprives the offerees of the opportunity to individually act on that assessment. One offeree, after evaluating the likelihood of receiving a judgment more favorable than the offer of judgment, may wish to accept the offer, while the other offeree, after making the same evaluation, may wish to reject the offer. Where the offer is conditioned upon both parties accepting the offer, the offeree who rejects the offer can effectively overrule the other offeree's acceptance. If the judgment is not more favorable than the offer, the party who wished to accept the offer will be unfairly penalized if the district court exercises its discretion to award attorney's fees pursuant to NRCP 68. *See also* Stockton Kenworth v. Mentzer Detroit Diesel, 101 Nev. 400, 705 P.2d 145

---

[2]We note that IDS and Ernst's offer of judgment is not apportioned between IDS and Ernst. The Lentzes claim the offer of judgment is invalid for this reason as well. The Lentzes, however, failed to raise this claim before the district court, and thus failed to preserve it for appeal. *See* Old Aztec Mine, Inc. v. Brown, 97 Nev. 49, 623 P.2d 981 (1981) (issues raised for the first time on appeal will not be considered by this court).

(1985) (offers of judgment must be unconditional); Hutchins v. Waters, 123 Cal. Rptr. 819 (Ct. App. 1975) (holding invalid an offer of judgment expressly conditioned on both of two plaintiffs accepting offer).

In view of the foregoing, we reverse the district court's award of attorney's fees. The district court's judgment, involuntary dismissal, and summary judgment orders are affirmed in all respects.