Opinion
 

 McDONALD, J.
 

 Plaintiff Tracy Wickware (Wickware) appeals an order granting a motion to tax costs filed by defendants John Tanner, Dawnelle Tanner and Cox Properties, Inc. (sometimes collectively referred to as Tanner) and denying Wickware’s motion for leave to file an amended cost memorandum, for reconsideration and for modification of the judgment.
 

 
 *573
 
 I
 

 Factual and Procedural Background
 

 Wickware rented an apartment in a building owned by John Tanner and Dawnelle Tanner. The building was managed by Cox Properties, Inc. Wick-ware slipped and fell in her apartment and allegedly suffered personal injuries and incurred property damage. She filed this action against John Tanner, Dawnelle Tanner and Cox Properties, Inc., and alleged (1) general negligence in the ownership and maintenance of the building by all three defendants, and (2) willful failure to warn of a dangerous condition by John Tanner and Dawnelle Tanner.
 

 Approximately three months before trial, Wickware served on Tanner a Code of Civil Procedure
 
 [1]
 
 section 998, subdivision (d) statutory offer to compromise in the amount of $11,999.99 with a waiver of costs. The offer was not accepted. Approximately two months before trial, Wickware served on Tanner an amended section 998, subdivision (d) statutory offer to compromise in the amount of $1,999.99 as to John Tanner and Dawnelle Tanner and in the amount of $10,000 as to Cox Properties, Inc., with a waiver of costs. The offer was not accepted. A jury awarded Wickware $10,000 in damages jointly and severally against John Tanner, Dawnelle Tanner and Cox Properties, Inc.
 

 Wickware filed a cost memorandum in the amount of $7,934.27. Tanner filed a motion to tax costs. The trial court granted Tanner’s motion in part, finding that $6,626.75 of the requested costs was for expert fees not allowable under section 1033.5, subdivision (b)(1) and, because Tanner obtained a more favorable judgment than the amount set forth in Wickware’s section 998 offer, not allowable under section 998, subdivision (d). The trial court awarded Wickware costs of $1,307.52 under section 1033.5, subdivision (a).
 

 Wickware then filed a motion for leave to file an amended cost memorandum, for reconsideration of the order taxing costs and for modification of the judgment. Wickware sought to increase her cost memorandum by $823.70, which she alleged was inadvertently omitted from her original cost memorandum. The trial court denied the motion.
 

 
 *574
 
 II
 

 Discussion
 

 A
 

 Amendment to Cost Memorandum
 

 Wickware sought to amend her cost memorandum by adding $823.70 for the costs of Wickware’s deposition of Tanner’s expert witness Larry Cox (Cox): $443.70 for transcribing costs and $380.00 for expert fees. Tanner did not timely designate Cox as an expert witness and received leave of court to do so on condition that Tanner bear all costs and fees incurred in connection with Cox’s pretrial deposition by Wickware. Tanner paid all costs and fees incurred in connection with Cox’s deposition by Wickware as directed by the trial court. Under these circumstances the costs of Cox’s deposition were neither incurred nor paid by Wickware and the trial court properly denied the motion to amend Wickware’s cost memorandum to include the costs of Cox’s deposition. (See § 1033.5, subd. (c)(1).)
 

 B
 

 Motion for Reconsideration and to Modify the Judgment
 

 The order denying Wickware’s motion for reconsideration of the order taxing costs is not an appealable order because it is not based on facts different from those in existence at the time of the order taxing costs.
 
 (Alioto Fish Co.
 
 v.
 
 Alioto
 
 (1994) 27 Cal.App.4th 1669, 1679-1680 [34 Cal.Rptr.2d 244]; see discussion in Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs (The Rutter Group 1996) ¶¶1:58 to 1:60, pp. 1-11, 1-12, rev. #1, 1996.)
 

 The order denying Wickware’s motion to modify the judgment is not an appealable order because it does not enforce the judgment or stay execution of the judgment. (See
 
 Simmons
 
 v.
 
 Santa Barbara Ice. etc. Co.
 
 (1958) 162 Cal.App.2d 23, 28-29 [327 P.2d 141].)
 

 C
 

 Motion to Tax Costs
 

 Wickware contends she is entitled to expert fees under section 998, subdivision (d) because Tanner failed to obtain a more favorable judgment than the unaccepted statutory offers of compromise made by Wickware to
 
 *575
 
 Tanner. Section 998, subdivision (d) provides in part: “If an offer made by a plaintiff is not accepted and the defendant fails to obtain a more favorable judgment, the court in its discretion may require the defendant to pay a reasonable sum to cover costs of the services of expert witnesses ... in addition to plaintiff’s costs.” Wickware made two section 998, subdivision (d) offers to compromise: (1) $11,999.99 to the three defendants as a group; and (2) $1,999.99 to John Tanner and Dawnelle Tanner together and $10,000 to Cox Properties, Inc. Both offers included a waiver of costs. Wickware received a joint and several verdict of $10,000 against the three defendants. Section 1033.5, subdivision (a) costs of $1,307.52 were added to the verdict, and judgment for $11,307.52 was entered against Tanner.
 

 To determine under section 998, subdivision (d) whether a defendant fails to obtain a more favorable judgment than a section 998, subdivision (d) offer to compromise which includes a waiver of costs, the amount of the judgment is deemed to be the amount of the damages plus the amount of costs allowed under section 1033.5, subdivision (a).
 
 (Stallman
 
 v.
 
 Bell
 
 (1991) 235 Cal.App.3d 740, 750 [286 Cal.Rptr. 755].)
 

 We therefore compare the amount of each offer to compromise with $11,307.52. Only if the amount of the offer to compromise was less than $11,307.52 did the trial court have discretion under section 998, subdivision (d) to add the amount of expert fees to the costs awarded to Wickware.
 

 Wickware’s first offer to compromise for $11,999.99 was made to all three defendants and was not apportioned among them. Because this amount was not less than $11,307.52, the first offer did not give the court discretion to award Wickware expert fees. It is unnecessary to decide whether Wick-ware’s failure to apportion the first offer to compromise among the multiple defendants invalidated the first offer. (See
 
 Taing
 
 v.
 
 Johnson Scaffolding Co.
 
 (1992) 9 Cal.App.4th 579, 586 [11 Cal.Rptr.2d 820]; cf.
 
 Bihun
 
 v.
 
 AT&T Information Systems, Inc.
 
 (1993) 13 Cal.App.4th 976, 1000, 1001 [16 Cal.Rptr.2d 787], disapproved on other grounds by
 
 Laken
 
 v.
 
 Watkins Associated Industries
 
 (1993) 6 Cal.4th 644, 664 [25 Cal.Rptr.2d 109, 863 P.2d 179].)
 

 Wickware’s second offer to compromise was $1,999.99 to John Tanner and Dawnelle Tanner, unapportioned between them, and $10,000 to Cox Properties, Inc. Each of these amounts, considered separately, is less than $11,307.52. Wickware argues that Tanner therefore failed to obtain a more favorable judgment than the offer.
 

 Wickware’s second offer to compromise provided in part:
 

 
 *576
 
 “To Defendants and Their Attorney of Record:
 

 “You, and Each of You, will please take notice that, pursuant to the provisions of Section 998 of the California Code of Civil Procedure, Plaintiff Tracy Wickware hereby offers to take judgment against Defendants John Tanner and Dawnelle Tanner in the sum of $1,999.99 and Defendant Cox Properties, Inc. in the sum of $10,000, each party to bear its own costs.
 

 “If Defendants accept this offer prior to trial of the above-entitled action or within 30 days after said offer is made, whichever occurs first, Defendants may file this offer with proof of acceptance, and the clerk of the above-entitled Court is hereby authorized to enter judgment in accordance with this offer.”
 

 By allocating the offer between (1) John Tanner and Dawnelle Tanner and (2) Cox Properties, Inc., Wickware apparently was attempting to avoid the rule stated in
 
 Taing
 
 v.
 
 Johnson Scaffolding Co., supra, 9
 
 Cal.App.4th at page 586: “[I]f a plaintiff elects to submit a section 998 offer in cases involving multiple defendants, the offer to any defendant against whom the plaintiff seeks to extract penalties for nonacceptance must be sufficiently specific to permit that individual defendant to determine the exact amount plaintiff is seeking from him or her.” In
 
 Taing
 
 the court held invalid a section 998, subdivision (d) offer to compromise made to multiple defendants which did not allocate the amount of the offer to each defendant. We note that Wickware’s attempt to avoid the
 
 Taing
 
 rule was not completely successful because she did not in her second offer make an allocation between John Tanner and Dawnelle Tanner. However, whether the
 
 Taing
 
 rule applies to this case is subject to question. The court in
 
 Bihun
 
 v.
 
 AT&T Information Systems, Inc., supra,
 
 13 Cal.App.4th, 1000 stated that the
 
 Taing
 
 rule is inapplicable in the situation “. . .in which the defendants are jointly liable for the plaintiff’s injury and there is no question of comparative fault.”
 
 Bihun
 
 would apply the
 
 Taing
 
 rule only to the situation “. . . of an unapportioned settlement offer to defendants who were not jointly liable for the full amount of the plaintiff’s damages.”
 
 (Bihun, supra,
 
 at p. 1001.)
 

 We do not find it necessary to explore the extent of the
 
 Taing
 
 rule or its application to this case. Rather, we determine that Wickware’s second offer to compromise is an invalid conditional offer which in substance is the same as her first offer. Even if a section 998, subdivision (d) offer is allocated among individual defendants, it may not be conditioned on acceptance by all defendants. In
 
 Hutchins
 
 v.
 
 Waters
 
 (1975) 51 Cal.App.3d 69 [123 Cal.Rptr. 819], the court held that an offer to compromise made by a defendant to
 
 *577
 
 multiple plaintiffs, and which allocated the offer among the plaintiffs, was invalid because the offer required acceptance by all plaintiffs. The court stated at page 73: “[E]ven though all plaintiffs be unwilling to accept the individual settlement offers made them, it is in the public interest that each be given the opportunity to accept and consummate the offer made him.” (See also
 
 Meissner
 
 v.
 
 Paulson
 
 (1989) 212 Cal.App.3d 785, 790, 791 [260 Cal.Rptr. 826].) Although
 
 Hutchins
 
 arose in the context of an offer to compromise made by a defendant to multiple plaintiffs, its holding is equally applicable to this case in which the offer to compromise was made under section 998, subdivision (d) by a plaintiff to multiple defendants.
 

 In the instant case we interpret Wickware’s second offer to compromise to require acceptance by all defendants. The second offer is a single document addressed to all defendants; it offers to take judgment only against all defendants and not against one or more of them; and it requires that defendants in the plural, and not any one defendant in the singular, accept the offer. By so providing, Wickware’s second offer to compromise, as did her first offer to compromise, offered to compromise the case only for a total amount of $11,999.99. The allocation between defendants in the second offer under these circumstances adds nothing to encourage settlement of the litigation which was not contained in the first offer, and, under
 
 Hutchins,
 
 the second offer to compromise is an invalid offer. We recognize that other courts may interpret Wickware’s second offer to compromise as unconditional. (See
 
 Santantonio
 
 v.
 
 Westinghouse Broadcasting Co.
 
 (1994) 25 Cal.App.4th 102, 112, 113 [30 Cal.Rptr.2d 486].) However, with all respect, we find the dissenting opinion in
 
 Santantonio
 
 more persuasive on this point. (See
 
 Santantonio, supra,
 
 at pp. 126, 127 (dis. opn. of Johnson, J.).) We do not agree with the majority in
 
 Santantonio
 
 that a section 998 offer to compromise is unconditional unless it specifically provides that all offerees must accept the offer.
 

 Wickware relies on
 
 Hilliger
 
 v.
 
 Golden
 
 (1980) 107 Cal.App.3d 394 [166 Cal.Rptr. 33] to support her position that because the judgment of $11,307.52 was in excess of the $1,999.99 offer made to John Tanner and Dawnelle Tanner and in excess of the $10,000 offer made to Cox Properties, Inc., the defendants did not obtain a judgment more favorable than the offers. In
 
 Hilliger
 
 the plaintiff made a $14,999.99 unaccepted offer to one defendant, and at a later time made a $9,999.99 unaccepted offer to a codefendant. After trial, judgment was entered for the plaintiff against both defendants in the amount of $15,540.85. Under these circumstances the
 
 Hilliger
 
 court held the defendants had not obtained a judgment more favorable than the offers made to them. However, in
 
 Hilliger,
 
 two separate offers were made at different times, one to each defendant. Neither offer made to a
 
 *578
 
 defendant was conditioned on acceptance of the offer made to the other defendant, and either defendant by accepting the offer made to it would have incurred liability in an amount less than it incurred under the judgment. The difference between the unconditional offers made in
 
 Hilliger
 
 and the conditional offer made in this case is critical under
 
 Hutchins.
 

 Because Wickware’s second offer to compromise was invalid, there is no issue as to whether John Tanner, Dawnelle Tanner and Cox Properties, Inc., obtained a judgment more favorable than the second offer. We therefore affirm the order granting Tanner’s motion to tax costs.
 

 It should be noted that even if Wickware’s position in this case were correct, the award of expert fees under section 998, subdivision (d) remains discretionary with the trial court and is not available as a matter of right. Furthermore, under the facts of this case the trial court had discretion to deny Wickware even ordinary costs otherwise available under section 1033.5, subdivision (a) because Wickware’s judgment “. . . could have been rendered in a court of lesser jurisdiction.” (§ 1033, subd. (a).)
 

 Disposition
 

 The order taxing costs and denying the motion to file an amended cost memorandum is affirmed. The appeal from the order denying reconsideration and modification of the judgment is dismissed.
 

 Kremer, P. J., and Benke, J., concurred.
 

 [1]
 

 All statutory references are to the Code of Civil Procedure unless otherwise specified.