[No. B155884. Second Dist., Div. Seven. July 7, 2003.]

WILLIAM E. VICK et al., Plaintiffs and Appellants, v.
EDWARD DACORSI et al., Defendants and Appellants.

**[CERTIFIED FOR PARTIAL PUBLICATION***]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I. through VI. of the Discussion.

**COUNSEL**

Knapp, Petersen & Clarke, Kevin J. Stack; Holmes & Wells and Michael T. Wells for Plaintiffs and Appellants.

Dougherty & Landon and Gerard M. Dougherty for Defendants and Appellants.

**OPINION**

**JOHNSON, Acting P. J.**—The Vicks purchased a single-family residence in Burbank from the DaCorsis. When the Vicks discovered the property contained nonpermitted and illegal improvements and alterations which Burbank required them to remedy they sued the DaCorsis for breach of contract and fraud. A nonsuit and jury verdict resulted in a judgment for the DaCorsis on all counts. The DaCorsis then sought to recover their expert witness fees on the ground the Vicks had rejected the DaCorsis' offer of judgment under Code of Civil Procedure section 998 (998 offer). The trial court denied the fees on the ground the 998 offer was invalid.

We affirm the judgment for the DaCorsis as to the breach of contract cause of action and reverse as to the cause of action for negligent misrepresentation. In addition, because the issues may arise on retrial of the negligent misrepresentation cause of action, we explain why the trial court properly awarded attorney fees to the DaCorsis on their fraud-related causes of action and why it erred in striking the DaCorsis' request for expert witness fees under Code of Civil Procedure section 998. We hold the language in the purchase agreement is broad enough to support an award of attorney fees to the prevailing party in an action based on contract or tort. In the published portion of our opinion we further hold a 998 offer made to a married couple asserting damage to a singular interest in community property does not have to be allocated between the husband and wife and is not inherently conditional on acceptance by both.

### FACTS AND PROCEEDINGS BELOW

William and Doris Vick, husband and wife, purchased a single-family residence in Burbank from Edward and Rita DaCorsi. Shortly after the sale was completed, Burbank officials notified the Vicks the property contained nonpermitted and illegal improvements and alterations which the Vicks must correct. The Vicks brought this action against the DaCorsis, alleging the DaCorsis committed breach of contract and fraud by not informing the Vicks of these building code violations in the course of the property sale transaction.

Prior to the commencement of trial, the DaCorsis made an offer to the Vicks under Code of Civil Procedure section 998 to settle the action for $35,000. The Vicks did not accept this offer.

At the close of the Vicks' case, the trial court granted the DaCorsis' motion for nonsuit on the fraud claim for lack of evidence of compensable damages. The case proceeded on the breach of contract cause of action and the jury returned a special verdict finding the DaCorsis did not breach their contract with the Vicks.

The DaCorsis filed a memorandum of costs in which they sought to recover, inter alia, their expert witness fees based on the Vicks' rejection of their 998 offer. The trial court denied recovery of the expert witness fees on the grounds the DaCorsis' 998 offer was not separately apportioned as to Mr. and Ms. Vick and was conditioned on their joint acceptance.

The Vicks filed a timely appeal from the judgment and the DaCorsis filed a timely cross-appeal from the order denying their expert witness fees.

## DISCUSSION

## I.–VI.[*]

## VII. *THE DaCORSIS' 998 OFFER WAS VALID EVEN THOUGH IT WAS MADE TO THE VICKS JOINTLY.*

Prior to the commencement of trial, the DaCorsis served on the Vicks an offer under Code of Civil Procedure section 998 to settle the litigation between them for $35,000.[20] The offer did not apportion the settlement amount between Mr. and Ms. Vick. Neither of the Vicks accepted this offer.

As the prevailing parties at trial the DaCorsis submitted a memorandum of costs seeking $9,550 they incurred for expert witness fees.[21] The Vicks filed a motion to strike or tax costs with respect to the expert witness fees. They argued the DaCorsis' 998 offer was invalid because it had been made to the Vicks jointly without allocation and was inherently, if not specifically, conditioned on acceptance by them both.

---

[*]See footnote, *ante*, page 206.

[20] Code of Civil Procedure section 998, subdivision (b) states: "Not less than 10 days prior to commencement of trial or arbitration … any party may serve an offer in writing upon any other party to the action to allow judgment to be taken or an award to be entered in accordance with the terms and conditions stated at that time."

[21] Code of Civil Procedure section 998, subdivision (c)(1) provides in relevant part: "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment … the court or arbitrator, in its discretion, may require the plaintiff to pay a reasonable sum to cover costs of the services of expert witnesses … actually incurred and reasonably necessary in either, or both, preparation for trial or arbitration, or during trial or arbitration, of the case by the defendant."

The trial court agreed with the Vicks, citing *Meissner v. Paulson*[22] which held a 998 offer to multiple plaintiffs is only valid if it is expressly apportioned between them and not conditioned on acceptance by all of them.[23] In the discussion below we examine the facts and rationale of *Meissner* and explain why we do not believe its holding is applicable here.

The plaintiffs in *Meissner*, a landlord and his insurance company, brought an action against the defendant tenant and others after a fire damaged the leased premises and defendant subsequently failed to make several monthly rental payments. The landlord sued for damage caused by the fire under tort and breach of contract theories, for rent due under the lease in the amount of $7,898.86, and for attorney fees. The insurer sued on a subrogation claim after paying the landlord for the fire damage. Prior to trial defendants made a joint 998 offer to the landlord and the insurance company to settle both claims for $25,001. The offer was not apportioned between the plaintiffs or between the causes of action, and was not accepted.[24]

The case went to trial. At the close of the evidence the parties stipulated the tenant owed the landlord $5,855.87 in rent. The jury returned a special verdict in favor of the defendants on the remaining claims. Defendants then filed a cost bill seeking reimbursement for their expert witness fees under section 998.[25] The trial court awarded the requested fees and the plaintiffs appealed. The Court of Appeal reversed.

The appellate court observed the typical problem with unallocated settlement offers to multiple plaintiffs is the impossibility of determining whether any one plaintiff received a less favorable result at trial than he would have received under the offer.[26] The court admitted this was not a problem in the case before it where the defendants' settlement offer was for $25,001 and the complaint alleged damages for unpaid rent in the amount of $7,898.86. "[A]lthough the defendants did not apportion the compromise offer, a major portion of it *must* have been intended for [the insurer]."[27]

Instead, the *Meissner* court held the problem with the defendants' settlement offer was that neither plaintiff could accept it without the consent of the other. "The offer inherently necessitated agreement between the parties as to the apportionment between them. Although in this case we can say [the

---

[22] *Meissner v. Paulson* (1989) 212 Cal.App.3d 785 [260 Cal.Rptr. 826].

[23] *Meissner v. Paulson, supra*, 212 Cal.App.3d at page 791.

[24] *Meissner v. Paulson, supra*, 212 Cal.App.3d at pages 790–791.

[25] See footnote 24, *ante*.

[26] *Meissner v. Paulson, supra*, 212 Cal.App.3d at page 790; cf. *Randles v. Lowry* (1970) 4 Cal.App.3d 68, 74 [84 Cal.Rptr. 321].

[27] *Meissner v. Paulson, supra*, 212 Cal.App.3d at page 791, italics in original.

insurer] received less than it would have under the offer, permitting such application of section 998 would introduce great uncertainty into this area of the law. Plaintiffs would be required to second-guess all joint offers to determine whether a failure to reach agreement with coplaintiffs would cause a risk of section 998 costs against them. We believe the Legislature did not intend to place this burden on offerees." Therefore, the court concluded, "[t]o enforce the purpose of section 998, we find as a matter of law only an offer made to a single plaintiff, without need for allocation or acceptance by other plaintiffs, qualifies as a valid offer under section 998."[28]

The *Meissner* holding attempts to address several concerns which arise when a defendant makes an unallocated offer to multiple plaintiffs expressly or impliedly conditioned on acceptance by them all.

In cases where two or more plaintiffs obtain a money judgment, it may be impossible for the trial court to determine which plaintiff, if any, received a judgment less favorable than the settlement offer.[29] A lump sum offer creates a similar difficulty for plaintiffs attempting to assess the benefit of the defendant's offer compared to the likely judgment because the plaintiffs are not capable of "independently weigh[ing] the benefit of accepting an unspecified portion of the offer against the likelihood of receiving a less favorable judgment."[30] The fact the plaintiffs cannot reasonably assess the benefit of the offer will often lead them to reject it. This allows the defendants to game the system by making lump sum offers they can reasonably expect the plaintiffs will refuse, thereby increasing the defendants' likelihood of recovering costs.[31]

Moreover, a lump sum 998 offer places an offeree who wishes to accept at the mercy of an obstinate offeree who does not.[32] Even if the problem of apportionment is solved, an offer which provides it must be accepted by all plaintiffs is fundamentally unfair to the plaintiff who believes the offer is reasonable as to her and wants to accept it. Such a conditional offer frustrates the chances of settlement, which is the whole purpose behind section 998.[33] Furthermore, it again allows defendants to make settlement offers they know will not be accepted in order to put themselves in the position to recover costs under the penalty provisions of the statute. "[A] defendant facing

---

[28] *Meissner v. Paulson, supra*, 212 Cal.App.3d at page 791.

[29] *Randles v. Lowry, supra*, 4 Cal.App.3d at page 74.

[30] *Taylor By and Through Taylor v. Clark* (Colo. Ct. App. 1994) 883 P.2d 569, 571, interpreting Colorado's offer of judgment statute (Colo. Rev. Stat. § 13-17-202 (2003)).

[31] Comment, Practice and Procedure: *A Guide to Oklahoma's Offer of Judgment Statutes* (2001) 54 Okla. L. Rev. 149, 169.

[32] *Hutchins v. Waters* (1975) 51 Cal.App.3d 69, 73 [123 Cal.Rptr. 819].

[33] See *Taing v. Johnson Scaffolding Co.* (1992) 9 Cal.App.4th 579, 583 [11 Cal.Rptr.2d 820].

multiple plaintiffs would merely have to offer all but one of them reasonable settlements and make the remaining plaintiff an unacceptable offer. By conditioning acceptance of the judgment on the plaintiffs' unanimous agreement, a defendant could insure that at least one of the plaintiffs would refuse. This refusal would subject all of them, including those who were willing to accept the offer of judgment, to the rule's penalty provision."[34]

None of these concerns, however, apply to a case such as the one before us where the plaintiffs are husband and wife; their suit arises out of their purchase of community property; they are suing on choses in action which are community property; and their recovery would be community property.[35]

■ Under these circumstances, defendants could not allocate their settlement offer between Mr. and Ms. Vick. The Vicks each had an equal, undivided half-interest in the causes of action for fraud and breach of contract and would have had an equal, undivided half-interest in the settlement proceeds.[36] The operative complaint alleged: "*Plaintiffs* have been damaged and injured as a direct and proximate result of defendants' multiple material breaches of contract[;] … *Plaintiffs* have been damaged and injured as a direct and proximate result of acts of defendants' … material failures to disclose breaches in the building codes [and] municipal ordinances …" and so on. (Italics added.) The complaint did not allege any transaction or occurrence involving one of the Vicks but not the other, nor did it seek damages on behalf of Mr. or Ms. Vick peculiar to him or her. Had they recovered on their claims of fraud or breach of contract there would have been no need to allocate the jury's award between them to determine whether either or both obtained less than the DaCorsis' $35,000 offer. Rather, if they were entitled to recover at all they were entitled to recover only the identical lump sum of damages.

■ Furthermore, unlike an offer expressly conditioned on acceptance by all plaintiffs, the offer in this case did not have to be accepted by both Mr. and Ms. Vick to be effective. Family Code section 1100, subdivision (a) places "management and control of the community personal property" in "either spouse." Thus either Mr. or Ms. Vick could have accepted the DaCorsis' offer on behalf of the community. Indeed, requiring married

---

[34] *Tocwish v. Jablon* (N.D.Ill. 1998) 183 F.R.D. 239, 241, interpreting federal offer of judgment rule (Fed.R.Civ.P. rule 68).

[35] ■ With exceptions not applicable here, "all property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in this state is community property." (Fam. Code, § 760.) A cause of action to recover money damages, as well as the money recovered is a chose in action and therefore a form of personal property. (*Parker v. Walker* (1992) 5 Cal.App.4th 1173, 1182–1183 [6 Cal.Rptr.2d 908]; Civ. Code, §§ 14, par. 3, 953.)

[36] Family Code sections 751, 1101, subdivision (a).

couples with a common interest in the chose in action be allowed to accept or reject joint offers individually could result in the plaintiffs gaming the system by having one spouse accept the offer and the other reject it. "That way they could both benefit if the judgment is greater than the offer, and could both avoid incurring costs … if it is less."[37]

For the reasons set forth above, we conclude the DaCorsis' 998 offer was valid.

## DISPOSITION

The judgment is reversed as to the cause of action for negligent misrepresentation and as to the award of costs and attorney fees. In all other respects the judgment is affirmed. The parties are to bear their own costs on appeal.

Woods, J., and Munoz, J.,[*] concurred.

---

[37] *Lang v. Gates* (9th Cir. 1994) 36 F.3d 73, 75 (interpreting Fed. Rules Civ. Proc., rule 68).

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.