[No. F044983. Fifth Dist. Oct. 13, 2004.]

ROBERT MENEES et al., Plaintiffs and Appellants, v.
TODD ANDREWS et al., Defendants and Respondents.

COUNSEL

Betts & Wright and James B. Betts for Plaintiffs and Appellants.

LeBeau-Thelen and Dennis R. Thelen for Defendant and Respondent Todd Andrews.

No appearance for Defendant and Respondent Bakersfield Memorial Hospital.

OPINION

**DAWSON, J.**—This is an appeal from that portion of a judgment which awarded to respondent Todd Andrews, M.D. (Dr. Andrews), costs in the amount of $27,212.38 to reimburse him for expert witness fees. The trial court awarded these costs on the basis of Code of Civil Procedure section 998 (section 998), which provides in subdivision (c)(1): "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment . . . , the court . . . , in its discretion, may require the plaintiff to pay a reasonable sum to cover costs of the services of expert witnesses . . . actually incurred and reasonably necessary in either, or both, preparation for trial . . . , or during trial . . . , of the case by the defendant."

Appellants Robert Menees and Lisa Menees contend the trial court erred, because the section 998 offer to compromise was not unconditional. We agree.

## BACKGROUND

Dr. Andrews was appellant Lisa Menees's treating obstetrician/gynecologist at the birth of twin babies in September 2001. The first of the infants to be born suffered injuries from falling to the floor during the course of his delivery. Appellants, his mother and father, jointly sued Dr. Andrews and Bakersfield Memorial Hospital, the hospital at which the delivery occurred.[1] The complaint stated two causes of action: one in favor of Lisa Menees for medical malpractice and another in favor of Robert Menees for negligent infliction of emotional distress. In September 2003, Dr. Andrews made a written offer to compromise pursuant to section 998 which read as follows:

---

[1] Appellants do not contest the judgment entered in favor of the hospital, and the hospital has not made an appearance in this appeal.

"TO: PLAINTIFFS, ROBERT AND LISA MENEES AND TO THEIR ATTORNEY OF RECORD:

"Pursuant to Section 998 of the Code of Civil Procedure, Defendant TODD ANDREWS, M.D., hereby offers to settle and dismiss the above-entitled action in its entirety for a waiver of costs, each party to bear its own costs and attorney's fees, and to allow judgment to be entered in accord herewith.

"If you accept this offer, please date and sign the accompanying notice of acceptance, and file the offer and notice of acceptance in the above-entitled action prior to trial, or within thirty (30) days after the offer is made, whichever occurs first, or else it will be deemed withdrawn."

The referenced notice of acceptance read:

"TO: DEFENDANT **TODD ANDREWS, M.D.** AND TO HIS ATTOR-NEYS OF RECORD:

"NOTICE IS HEREBY GIVEN that Plaintiffs ROBERT MENEES AND LISA MENEES accept the offer made by Defendant **TODD ANDREWS, M.D.** to dismiss this matter with prejudice and to execute a general release in favor of Defendant **TODD ANDREWS, MD.** in exchange for a waiver of costs, each party to bear its own costs and attorney's fees.

"Dated: _____ BETTS & WRIGHT

"By: _____
"JAMES B. BETTS"

The offer was not accepted, and the matter proceeded to jury trial. The jury found neither of the two respondents negligent, and judgment was rendered in their favor. Thereafter, Dr. Andrews filed a memorandum of costs in the total amount of $38,824.15, which included $27,212.38 for reimbursement of expert fees. Appellants filed a motion to tax costs which, as to the expert fees, was denied. The judgment was ordered amended to insert the award of costs, and appellants filed a notice of appeal.

## DISCUSSION

Appellants contend the trial court erred in allowing Dr. Andrews to recover expert witness fees because (1) the section 998 offer to compromise was conditioned on appellants' joint acceptance of it; and (2) the offer was ambiguous and unapportioned in that it required that appellants provide

Dr. Andrews a general release. Because we agree with the first of these contentions, we need not and do not address the other.

■ It has long been held that a section 998 offer is effective to shift liability for costs only where the offer was properly allocated as to multiple offerees and was made in a manner allowing individual offerees to accept or reject it. (*Hutchins v. Waters* (1975) 51 Cal.App.3d 69, 73–74 [123 Cal.Rptr. 819].) This rule has been applied to both plaintiff and defendant offerors, and both where the offer is explicitly and impliedly conditioned on joint acceptance by the offerees. (*Weinberg v. Safeco Ins. Co. of America* (2004) 114 Cal.App.4th 1075, 1086–1087 [8 Cal.Rptr.3d 224]; *Wickware v. Tanner* (1997) 53 Cal.App.4th 570, 576–577 [61 Cal.Rptr.2d 790]; *Meissner v. Paulson* (1989) 212 Cal.App.3d 785, 791 [260 Cal.Rptr. 826].)

■ Where an offer is not apportioned between individual offerees, the inference that the offer must be accepted jointly is inherent. (See *Vick v. DaCorsi* (2003) 110 Cal.App.4th 206, 210–211 [1 Cal.Rptr.3d 626].) As noted in *Vick v. DaCorsi*, however, "Even if the problem of apportionment is solved, an offer which provides it must be accepted by all plaintiffs is fundamentally unfair to the plaintiff who believes the offer is reasonable as to her and wants to accept it. Such a conditional offer frustrates the chances of settlement, which is the whole purpose behind section 998. Furthermore, it . . . allows defendants to make settlement offers they know will not be accepted in order to put themselves in the position to recover costs under the penalty provisions of the statute." (*Id.* at p. 211, fn. omitted.)

■ The courts have uniformly rejected an interpretation of section 998 which would allow offering parties to thus "game the system." (*Vick v. DaCorsi, supra,* 110 Cal.App.4th at p. 211.) They have not, however, been unanimous in their approach to implied conditionality where that factor turns on something other than a failure to apportion the offer between offerees. One court, in a divided opinion, has rejected the argument that an apportioned offer, which did not address joint versus individual acceptance, was impliedly conditional. (*Santantonio v. Westinghouse Broadcasting Co.* (1994) 25 Cal.App.4th 102, 113 [30 Cal.Rptr.2d 486].)[2]

---

[2] The offer in *Santantonio* read in pertinent part:

" 'Pursuant to C.C.P. § 998, defendants . . . hereby offer that plaintiffs . . . Velona, . . . Cochrane, and . . . Santantonio take judgment against them in the following amounts:

" '1. That plaintiff Velona take judgment . . . in the amount of $100,000 . . . ;

" '2. That plaintiff Cochrane take judgment . . . in the amount of $100,000 . . . ; and

" '3. That plaintiff Santantonio take judgment . . . in the amount of $100,000 . . . .

" 'Pursuant to C.C.P. § 998(b), this offer shall remain open for a period of thirty (30) days, during which time plaintiffs may file a proof of acceptance of the judgment and the court may enter judgment accordingly.' " (*Santantonio v. Westinghouse Broadcasting Co., supra,* 25 Cal.App.4th at pp. 108–109.)

Dr. Andrews argues that the issue of apportionment has no application here, where the offer was for nothing more than a waiver of costs: "[o]ne cannot apportion zero."[3] The issue, under this analysis, is whether the court can imply conditionality or should, instead, follow the reasoning of the majority in *Santantonio*. For the following reasons, we reject the application of *Santantonio* here.

First, the majority in *Santantonio* relied on facts particular to that case in rejecting the offeree's argument that the offer was conditioned on group acceptance. The record available to the appellate court allowed the majority to draw a "reasonable inference . . . that Santantonio rejected the offer . . . because he . . . considered it to be far too low, and not because [he] thought he was precluded from accepting unless the other two plaintiffs also" accepted. (*Santantonio v. Westinghouse Broadcasting Co.*, *supra*, 25 Cal.App.4th at p. 113.) Dr. Andrews here points to nothing in the record which would, and we believe the record is inadequate to, allow us to draw any inference at all regarding appellants', or either appellant's, reasons for not accepting the section 998 offer.

Second, we note that the *Santantonio* majority's discussion of implied conditionality could be considered dicta because the majority rejected the offeree's argument on the basis he raised it for the first time on appeal, and then addressed the substantive issue only cursorily. (*Santantonio v. Westinghouse Broadcasting Co.*, *supra*, 25 Cal.App.4th at p. 113; see 9 Witkin, Cal. Procedure (4th ed. 1997 & 2004 supp.) Appeal, §§ 945–948.)

Further and finally, we agree with another court that "the dissenting opinion in *Santantonio* [is] more persuasive . . . ." (*Wickware v. Tanner*, *supra*, 53 Cal.App.4th at p. 577.) Justice Johnson, dissenting in *Santantonio*, said: "In my view the section 998 offer . . . was conditional and its rejection therefore cannot serve to shift the costs of defendant's expert witnesses to

---

[3] In the trial court, Dr. Andrews also argued that a conditional offer was nonetheless valid because the appellants were husband and wife. Appellants informed the trial court, however, that (1) a petition for the dissolution of their marriage had been filed by the time the section 998 offer was made, (2) they were legally separated by the time the offer was made, and (3) Dr. Andrews was aware of their separation and dissolution proceedings at the time the offer was made. Dr. Andrews does not pursue this line of argument here, and we thus do not address the complex issues that can arise with reference to community property and the right to manage and control it. (Compare *Weinberg v. Safeco Ins. Co. of America*, *supra*, 114 Cal.App.4th at p. 1087, with *Vick v. DaCorsi*, *supra*, 110 Cal.App.4th at p. 212.)

appellant. The offer was conditional because it required acceptance by all three plaintiffs . . . . [¶] My first problem is with the fact respondent did not serve a separate section 998 offer on each of the three plaintiffs. Instead it combined the three offers in a single joint document and served it on the attorney who happened to be representing all plaintiffs. [¶] *Hutchins* dictates before a party can claim the benefits of cost shifting, it must be shown that party 'served an unconditional offer in writing upon any other party to the action, or to *each* of several other parties to the actions.' In my view, this language clearly requires that in multiplaintiff litigation the defendant must serve a separate offer on each individual plaintiff, even if all plaintiffs happen to be represented by the same attorney. Not only is this requirement compelled by the language of the statute, but it serves important policies. This rule is the only way to ensure each offer is individual to a given plaintiff and can be accepted by that plaintiff even if the others reject their offers. Furthermore, it is the best way of avoiding any ambiguity whether each of these offers is unconditional and not dependent upon acceptance by all parties . . . . [¶] A still more fundamental objection, however, is the nature of the offer embodied in this single document. At many critical places, the offer is written in the plural and the conjunctive . . . . [¶] When read in context the offer to compromise looks clearly conditional." (*Santantonio v. Westinghouse Broadcasting Co., supra,* 25 Cal.App.4th at pp. 126–127 (dis. opn. of Johnson, J.), quoting *Hutchins v. Waters, supra,* 51 Cal.App.3d at p. 73.)

Here, too, the offer was made in a single document, which referred to appellants in the conjunctive. Provided with the offer was another document, the notice of acceptance, which again referred to appellants in the conjunctive and, quite tellingly, provided only one signature line—for the attorney who represented both of them.

■ Dr. Andrews bears the burden of demonstrating that the section 998 offer was unconditional, and this court is required to construe the offer strictly in favor of appellants, the parties sought to be subjected to its operation. (*Weinberg v. Safeco Ins. Co. of America, supra,* 114 Cal.App.4th at p. 1086; *Barella v. Exchange Bank* (2000) 84 Cal.App.4th 793, 799 [101 Cal.Rptr.2d 167].) As our Supreme Court has recognized, the application of "bright line rules" in determining the validity and enforceability of section 998 offers serves the interests the statute is designed to promote—that is, settlement of disputes. (*Poster v. Southern Cal. Rapid Transit Dist.* (1990) 52 Cal.3d 266, 272 [276 Cal.Rptr. 321, 801 P.2d 1072].) We believe the legislative purpose of section 998 is best served in multiplaintiff cases by requiring that section 998 offers be separately prepared and served on individual plaintiffs, allowing each individual the opportunity to accept individually. Because the offer here did not meet this requirement, we find it invalid for the purpose of making appellants or either of them liable for expert witness fees.

## DISPOSITION

The trial court's order modifying the judgment to add $27,212.38 for reimbursement of expert witness fees as costs is reversed. The judgment is modified to delete such amount. Appellants are awarded costs on appeal.

Vartabedian, Acting P. J., and Cornell, J., concurred.