[No. B203310. Second Dist., Div. Seven. May 26, 2010.]

RICHARD BARNETT et al., Plaintiffs and Appellants, v.
FIRST NATIONAL INSURANCE COMPANY OF AMERICA, Defendant
and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

*Under California Rules of Court, rules 8.1105(b) and 8.1110, only the Introduction, the On Cross-appeal portion of the opinion, and the Disposition are certified for publication.

COUNSEL

Paul Sowa; The Arkin Law Firm and Sharon J. Arkin for Plaintiffs and Appellants.

Demler, Armstrong & Rowland and James P. Lemieux for Defendant and Appellant.

OPINION

JACKSON, J.—

## INTRODUCTION

Plaintiffs Richard and Paula Barnett appeal from a judgment on special verdict in favor of defendant First National Insurance Company of America and an order denying their motion for new trial. Defendant appeals from the judgment and an order awarding costs.

On appeal, plaintiffs contend numerous errors led to a judgment erroneous as a matter of law and unsupported by substantial evidence. For this reason, they also contend, the trial court abused its discretion in denying their new trial motion.

On its cross-appeal, defendant claims error in the trial court's denial of its request for expert fees under Code of Civil Procedure section 998.

For the reasons set forth below, we disagree and affirm.

## ON APPEAL

## FACTS

A.–H.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

A.–E.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## ON CROSS-APPEAL

## PROCEDURAL BACKGROUND

Prior to trial, defendant served plaintiffs with an offer to compromise pursuant to Code of Civil Procedure section 998 (section 998). The offer was in the amount of $100,000 "in favor of plaintiffs Richard Barnett and Paula Barnett jointly, with each side to bear their/its own costs." Plaintiffs did not accept this offer.

Following trial and judgment in its favor, defendant filed a memorandum of costs. This included a claim for expert witness fees in the amount of $82,361.52. Under section 998, subdivision (c)(1), "[i]f an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff shall not recover his or her postoffer costs and shall pay the defendant's costs from the time of the offer. In addition, . . . the court or arbitrator, in its discretion, may require the plaintiff to pay a reasonable sum to cover costs of the services of expert witnesses . . . actually incurred and reasonably necessary in either, or both, preparation for trial or arbitration, or during trial or arbitration, of the case by the defendant."

Plaintiffs filed a motion to tax costs. They challenged the claim for expert witness fees on the ground section 998, subdivision (c)(1), does not apply where a single offer is made to two plaintiffs.

Defendant filed an objection to the motion to tax costs. It took the position that section 998, subdivision (c)(1), applies where the plaintiffs have a "unity of interest."

*See footnote, *ante*, page 1454.

The trial court granted the motion to tax costs as to the claim for expert witness fees. In doing so, it agreed with plaintiffs' position.

## DISCUSSION

Defendant contends the trial court erred in granting the motion to tax costs as to the expert witness fees. The trial courts ruling as to the application of section 998, subdivision (c)(1), is reviewed de novo. (*Barella v. Exchange Bank* (2000) 84 Cal.App.4th 793, 797 [101 Cal. Rptr. 167].)

■ In *Meissner v. Paulson* (1989) 212 Cal.App.3d 785 [260 Cal.Rptr. 826], a joint offer was made to the two plaintiffs. To be accepted, both plaintiffs had to consent to settlement and agree as to apportionment of the settlement offer between them. (*Id.* at pp. 790–791.) The court concluded that in situations such as the one before it, "[p]laintiffs would be required to second-guess all joint offers to determine whether a failure to reach agreement with coplaintiffs would cause a risk of section 998 costs against them. We believe the Legislature did not intend to place this burden on offerees. To enforce the purpose of section 998, we find as a matter of law only an offer made to a single plaintiff, without need for allocation or acceptance by other plaintiffs, qualifies as a valid offer under section 998." (*Id.* at p. 791.)

Since *Meissner*, courts have held that a joint offer under section 998 is not automatically invalid but must be closely examined in making the determination whether a party has received a more favorable judgment. (*Johnson v. Pratt & Whitney Canada, Inc.* (1994) 28 Cal.App.4th 613, 628–630 [34 Cal.Rptr.2d 26]; *Stallman v. Bell* (1991) 235 Cal.App.3d 740, 745–747 [286 Cal.Rptr. 755]; but see *Gilman v. Beverly California Corp.* (1991) 231 Cal.App.3d 121, 124–126 [283 Cal.Rptr. 17].)

In support of its claim that its joint offer was not invalid under section 998, defendant relies on *Vick v. DaCorsi* (2003) 110 Cal.App.4th 206 [1 Cal.Rptr.3d 626], which was decided by this court. In *Vick*, the plaintiffs bought a home from the defendants. Shortly after the purchase, the plaintiffs discovered the home had been improved illegally. They sued the defendants for breach of contract and fraud. Prior to trial, the defendants made the plaintiffs an offer to settle pursuant to section 998. The plaintiffs did not accept the offer. The defendants prevailed at trial. They then filed a memorandum of costs in which they sought to recover expert witness fees. The trial court denied recovery of the fees on the ground the defendants' section 998 offer was not apportioned between the two plaintiffs. (110 Cal.App.4th at pp. 208–209.)

On appeal, the court noted that *Meissner* attempted to address problems resulting when a defendant makes an unallocated offer to multiple plaintiffs

which is conditioned on acceptance by all plaintiffs. (*Vick v. DaCorsi, supra,* 110 Cal.App.4th at p. 211.) First, if the plaintiffs obtain a money judgment, it may be impossible for the trial court to determine whether any particular plaintiff received a judgment less favorable than the settlement offer. (*Ibid.*) Second, a joint offer places a plaintiff who wishes to settle at the mercy of one who does not, frustrating the goal of section 998 to encourage settlement. (110 Cal.App.4th at p. 211.)

The court then observed that "[n]one of these concerns, however, apply to a case such as the one before [it] where the plaintiffs are husband and wife; their suit arises out of their purchase of community property; they are suing on choses in action which are community property; and their recovery would be community property." (*Vick v. DaCorsi, supra,* 110 Cal.App.4th at p. 212, fn. omitted.) They sought no recovery peculiar to one of them; either or both of them could have accepted the offer on behalf of the community. (*Ibid.*) "Indeed, requiring married couples with a common interest in the chose in action be allowed to accept or reject joint offers individually could result in the plaintiffs gaming the system by having one spouse accept the offer and the other reject it. 'That way they could both benefit if the judgment is greater than the offer, and could both avoid incurring costs . . . if it is less.' " (*Id.* at pp. 212–213, fn. omitted.) Thus, the court concluded, the defendants' section 998 offer was valid. (110 Cal.App.4th at p. 213.)

In *Weinberg v. Safeco Ins. Co. of America* (2004) 114 Cal.App.4th 1075 [8 Cal.Rptr.3d 224], also decided by this court, the husband was involved in arbitration with the defendant over uninsured motorist coverage. After receiving an award above the policy limits, the defendant paid the policy limits. The husband and his wife then sued the defendant for bad faith but lost. The defendant sought expert witness fees under section 998, but the trial court ruled the defendant's joint offer to compromise invalid and denied the request. (114 Cal.App.4th at pp. 1079, 1085–1086.)

The defendant claimed error, relying on *Vick v. DaCorsi.* This court disagreed. It noted that the wife's bad faith claim was "a separate, not derivative claim," even though it was based on the husband's uninsured motorist claim. (*Weinberg v. Safeco Ins. Co. of America, supra,* 114 Cal.App.4th at p. 1087.) " 'It certainly can be expected that when a husband or wife is injured in an uninsured motorist accident and the claim for that accident is wrongfully denied by their insurer, both husband and wife will incur expenses not necessarily limited to attorney fees, and that each may suffer varying degrees of emotional distress' . . . ." (*Ibid.*) Since the husband and wife "did not have a single, indivisible injury," the defendant's joint offer was invalid and it could not recover expert witness fees under section 998. (114 Cal.App.4th at p. 1087.)

Under the holding of *Weinberg*, defendants joint settlement offer to plaintiffs was invalid. Like the husband and wife in *Weinberg*, the Barnetts did not have a single, indivisible injury. Each could have suffered varying degrees of emotional distress as a result of the allegedly bad faith handling of their insurance claim even though the underlying dispute with defendant related to a single policy covering damage to the residence in which they had a common interest. (See *Weinberg v. Safeco Ins. Co. of America, supra*, 114 Cal.App.4th at p. 1087.)

■ As defendant points out, however, with certain exceptions not applicable here, a cause of action for damages is community property, as is any recovery on that cause of action. (*Vick v. DaCorsi, supra*, 110 Cal.App.4th at p. 212 & fn. 35; cf. *Parker v. Walker* (1992) 5 Cal.App.4th 1173, 1182–1183 [6 Cal.Rptr.2d 908] ["[a] cause of action to recover money in damages, as well as money recovered in damages, is a chose in action and therefore a form of personal property"].) This is true whether the cause of action is for injury to real property or financial interests or for personal injuries. (Fam. Code, § 760.) Thus, whether or not the injuries claimed in a lawsuit by a husband and wife are "indivisible" or "separate," there is no reason to require a settlement offer to be made separately to each spouse to be valid under section 998. "[U]nlike an offer expressly conditioned on acceptance by all plaintiffs, the offer in this case did not have to be accepted by both [spouses] to be effective. Family Code section 1100, subdivision (a) places 'management and control of the community personal property' in 'either spouse.' Thus either [spouse] could have accepted [the defendant's] offer on behalf of the community." (*Vick, supra*, at p. 212.)[15] Moreover, a "joint" settlement offer made to husband and wife need not be allocated between them; the spouses have equal interests in all the proceeds. (*Vick*, at p. 212.) Thus, the apportionment problem and the potential difficulty of determining whether an individual plaintiff received a judgment more or less favorable than his or her share of the defendant's settlement offer, addressed in *Meissner v. Paulson, supra*, 212 Cal.App.3d at pages 790 through 791, simply does not exist.

■ In reaching the contrary conclusion in *Weinberg*, we did not fully address the effect of community property law on the determination whether a settlement offer made jointly to a husband and wife is valid under section 998, apparently because this point was not raised or briefed on appeal by either party. Now that we have fully considered the issue, however, we conclude our analysis in *Weinberg v. Safeco Ins. Co. of America, supra*, 114 Cal.App.4th 1075, was mistaken and will not follow it in the future. Nonetheless, the Barnetts were entitled to reject what appeared to be an invalid offer without fear that they could thereafter be liable for expert

---

[15] One spouse who believes the second spouse has improperly accepted a settlement offer that affects the rights of both the husband and wife to a community asset may have a claim for breach of fiduciary duty. (See Fam. Code, § 1100, subd. (e).)

fees and other costs under section 998. (See *Newman v. Emerson Radio Corp.* (1989) 48 Cal.3d 973, 978–979 [258 Cal.Rptr. 592, 772 P.2d 1059] [although judicial decisions are usually given retroactive effect, even if they represent a clear change in the law, consideration of fairness and public policy may justify an exception to this general rule]; *Bearden v. U.S. Borax, Inc.* (2006) 138 Cal.App.4th 429, 443 [41 Cal.Rptr.3d 482] [same].) Accordingly, although in the future we would consider defendant's settlement offer to plaintiffs valid under section 998, in this case we affirm the trial court's decision granting plaintiffs' motion to tax costs as to defendant's claim for expert witness fees.

## DISPOSITION

The judgment and orders are affirmed. The parties are to bear their own costs on appeal.

Perluss, P. J., and Zelon, J., concurred.