[No. F064240. Fifth Dist. Mar. 27, 2013.]

AMY JO McDANIEL et al., Plaintiffs and Appellants, v.
LOYD RICHARD ASUNCION, Defendant and Respondent.

1204

## COUNSEL

Law Offices of Young & Nichols, Steve W. Nichols and Thomas A. Brill for Plaintiffs and Appellants.

Law Offices of Mark G. Cunningham and Mark G. Cunningham for Defendant and Respondent.

## OPINION

**LEVY, Acting P. J.**—Appellants, Amy Jo McDaniel and Melissa McDaniel, challenge the trial court's award of expert witness fees under Code of Civil Procedure[1] section 998 to respondent, Loyd Richard Asuncion, following the entry of a defense verdict on appellants' wrongful death lawsuit. Appellants argue that respondent's section 998 offer was invalid because it was a single offer made to two plaintiffs.

 Although joint offers may be invalid, such was not the case here. In a wrongful death action, a single joint cause of action is given to all heirs and the judgment must be for a single lump sum. A unitary verdict can easily be compared to a joint offer to determine whether the offering party has achieved a more favorable judgment. Thus, there is little, if any, justification for invalidating a joint offer made in a wrongful death case. (*Johnson v. Pratt & Whitney Canada, Inc.* (1994) 28 Cal.App.4th 613, 630 [34 Cal.Rptr.2d 26] (*Johnson*).)

Here, it can clearly be determined that respondent received a more favorable judgment. Accordingly, the award of expert witness fees will be affirmed.

## BACKGROUND

Steven Carl McDaniel was killed in a multiple vehicle accident leaving behind appellants, his wife and daughter. Appellants brought the underlying wrongful death action against multiple defendants, including respondent.

---

[1] All further statutory references are to the Code of Civil Procedure.

Before trial, respondent served a joint section 998 offer on appellants in the amount of $100,000. Appellants did not accept this offer.

Appellants went to trial against respondent and one other defendant. While the jury awarded appellants over $3.3 million on their claim against the other defendant, the jury returned a defense verdict in favor of respondent.

As the prevailing party, respondent submitted a memorandum of costs. Respondent sought over $41,000 in expert witness fees. Because appellants failed to obtain an award that was more favorable than respondent's section 998 offer, the trial court awarded these expert fees to respondent.

## DISCUSSION

Under section 998, no later than 10 days before trial "any party may serve an offer in writing upon any other party to the action to allow judgment to be taken or an award to be entered in accordance with the terms and conditions stated at that time." (§ 998, subd. (b).) If the offer is not timely accepted, it is deemed withdrawn. (§ 998, subd. (b)(2).)

However, the failure to accept a section 998 offer can have consequences. For example, if a plaintiff fails to obtain a more favorable result at trial, that plaintiff cannot recover his or her postoffer costs, must pay the defendant's costs from the time of the offer, and may be required to pay the defendant's reasonably incurred expert witness fees. (§ 998, subd. (c)(1).) The purpose behind penalizing a party who fails to accept a reasonable section 998 offer in this manner is to encourage the settlement of lawsuits before trial. (*Taing v. Johnson Scaffolding Co.* (1992) 9 Cal.App.4th 579, 583 [11 Cal.Rptr.2d 820].)

Appellants contend the trial court erred in awarding respondent his expert witness fees. According to appellants, a single section 998 offer addressed to multiple plaintiffs, such as the one here, is invalid.

We review this issue de novo. (*Burch v. Children's Hospital of Orange County Thrift Stores, Inc.* (2003) 109 Cal.App.4th 537, 543 [135 Cal.Rptr.2d 404] (*Burch*).) Further, the burden is on respondent to demonstrate that the offer is valid under section 998. (*Burch, supra,* at p. 543.)

■ "In general, 'a section 998 offer made to multiple parties is valid only if it is expressly apportioned among them and not conditioned on acceptance by all of them.' " (*Burch, supra,* 109 Cal.App.4th at p. 544.) With unallocated settlement offers to multiple plaintiffs, it may be impossible to determine whether any one plaintiff received a less than favorable result at trial than that plaintiff would have received under the offer. (*Vick v. DaCorsi* (2003) 110 Cal.App.4th 206, 210 [1 Cal.Rptr.3d 626].) Further, a lump-sum section 998 offer places an offeree who wishes to accept at the mercy of an obstinate offeree who does not. (*Vick, supra,* at p. 211.)

Nevertheless, there is an exception to this general rule. Where there is more than one plaintiff, a defendant may still extend a single joint offer if the separate plaintiffs have a " 'unity of interest such that there is a single, indivisible injury.' " (*Peterson v. John Crane, Inc.* (2007) 154 Cal.App.4th 498, 505 [65 Cal.Rptr.3d 185].) Additionally, "[m]ore recent cases have declined to mechanically apply a rule that renders void any joint offers without first examining whether it can be determined that the party claiming costs has in fact obtained a more favorable judgment." (*Stallman v. Bell* (1991) 235 Cal.App.3d 740, 746 [286 Cal.Rptr. 755] (*Stallman*).)

■ Generally, where courts have required apportionment of a section 998 offer made to multiple plaintiffs, the offerees have either had different causes of action against the offeror or the potential for separate verdicts and varying recoveries on a single cause of action. (Cf. *Menees v. Andrews* (2004) 122 Cal.App.4th 1540 [19 Cal.Rptr.3d 664]; *Meissner v. Paulson* (1989) 212 Cal.App.3d 785 [260 Cal.Rptr. 826] (*Meissner*); *Randles v. Lowry* (1970) 4 Cal.App.3d 68 [84 Cal.Rptr. 321].) As noted by the court in *Meissner,* such an offer inherently necessitates agreement between the plaintiffs as to apportionment between them. (*Meissner, supra,* 212 Cal.App.3d at p. 791.)

However, a wrongful death cause of action is atypical. Under California law, either the heirs or the personal representative on behalf of the heirs may bring a single joint indivisible action for wrongful death. (*Smith v. Premier Alliance Ins. Co.* (1995) 41 Cal.App.4th 691, 696 [48 Cal.Rptr.2d 461] (*Smith*).) This means that all heirs should join in a single action and there cannot be a series of suits by heirs against the tortfeasor for their individual damages. (*San Diego Gas & Electric Co. v. Superior Court* (2007) 146 Cal.App.4th 1545, 1551 [53 Cal.Rptr.3d 722] (*San Diego Gas*).) Any recovery for wrongful death is in the form of a lump sum, i.e., a single verdict is

rendered for all recoverable damages. (*Smith, supra,* 41 Cal.App.4th at pp. 696–697; *San Diego Gas, supra,* 146 Cal.App.4th at p. 1551.) The respective rights of the heirs in any award are determined by the court based on the proportion that the heir's personal damage bears to the damage suffered by the others. (*Smith, supra,* 41 Cal.App.4th at p. 698; *Canavin v. Pacific Southwest Airlines* (1983) 148 Cal.App.3d 512, 529 [196 Cal.Rptr. 82].)

Three Courts of Appeal have considered a joint section 998 offer in a wrongful death action and have reached two different results. In *Gilman v. Beverly California Corp.* (1991) 231 Cal.App.3d 121 [283 Cal.Rptr. 17] (*Gilman*), four plaintiffs made a joint section 998 offer to compromise to a single defendant in a medical malpractice wrongful death action. Since the judgment at trial was more favorable than the offer, the trial court awarded plaintiffs their expert witness costs. The Sixth Appellate District reversed this award. The court concluded that the joint offer to compromise did not afford the defendant the opportunity to evaluate the distinct loss suffered by each plaintiff as a result of the death. The court further noted that, without an apportionment, it was impossible to say that any one of the plaintiffs received a judgment more favorable than that plaintiff would have received under the offer. (*Gilman, supra,* 231 Cal.App.3d at p. 126.)

In contrast, in *Stallman,* Division Four of the Second Appellate District held that a joint section 998 offer made by two plaintiffs in a wrongful death action was valid and thus upheld the trial court's award of expert witness fees. The court reasoned that, unlike the cases in which the individual plaintiffs receive separate verdicts, in wrongful death actions, "there is but a single verdict to be compared to a single offer, and from this comparison it can be clearly determined whether or not the [plaintiffs] received a more favorable judgment." (*Stallman, supra,* 235 Cal.App.3d at p. 747.)

As noted by Division Three of the Fourth Appellate District in *Johnson,* the results in *Gilman* and *Stallman* cannot be reconciled. (*Johnson, supra,* 28 Cal.App.4th at p. 630.) Thus, when the *Johnson* court was faced with a joint section 998 offer made by multiple plaintiffs in a wrongful death action, it was required to make a choice. The court decided that *Stallman* was the better reasoned case. The court concluded that "[w]here a single joint cause of action is given to all heirs, who must bring *one* action [citation], and where the judgment must be for a single lump sum even though the heirs share the damages in proportion to their loss [citation], there would appear to be little,

if any, justification for invalidating a joint offer." (*Johnson, supra*, at p. 630.) It was clear that the plaintiffs recovered more than the amount of their section 998 offer. Therefore, the court found that the trial court properly awarded the plaintiffs expert fees under section 998.

■ We agree with the *Johnson* court that there is no justification for invalidating a joint offer in a wrongful death case on the ground that it may be impossible to determine whether any one party received a less favorable result at trial than that party would have received under the offer. Rather, there is only one verdict to compare to the one joint offer. It is easy to make that comparison and resolve this issue. Here, with a defense verdict, it is clear that appellants received a less favorable judgment than respondent's offer.

One aspect of this case distinguishes it from the situations in *Gilman, Stallman* and *Johnson*. Here, the offer was made *to* multiple plaintiffs as opposed to having been made *by* multiple plaintiffs.

■ In the typical case other than wrongful death, when one offer is made to multiple plaintiffs, the plaintiffs need to agree between themselves as to apportionment before accepting the offer. (*Meissner, supra*, 212 Cal.App.3d at p. 791.) As the *Meissner* court noted, permitting such joint offers would introduce great uncertainty in that plaintiffs would be required to second-guess all joint offers to determine whether a failure to reach agreement with coplaintiffs would cause a risk of section 998 costs against them. (*Meissner, supra*, at p. 791.) Thus, a defendant must serve a separate offer on each individual plaintiff. In other words, the defendant must apportion the offer between the plaintiffs.

However, in a wrongful death action any recovery is in the form of a lump sum, i.e., a single verdict is rendered for all recoverable damages, and thereafter the court apportions the award between the heirs. Thus, a defendant's attempt to apportion the plaintiffs' recovery through a section 998 offer would contradict the requirement that the court determine the respective rights in a wrongful death award. (§ 377.61.)

■ In sum, respondent's joint section 998 offer in this wrongful death action was valid. There was a single verdict to compare to a single joint offer. Further, if appellants had recovered from respondent, it would have been up to the court, not the parties, to apportion the award. Accordingly, the reasons for requiring a party to expressly apportion a section 998 offer made to multiple parties did not apply.

## DISPOSITION

The order is affirmed. Costs on appeal are awarded to respondent.

Gomes, J., and Franson, J., concurred.