Filed 9/23/14  Wright v. Noack CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| JIM WRIGHT et al., | C073459 |
| Plaintiffs and Appellants, | (Super. Ct. No. PC20110523) |
| v. | |
| MARK NOACK, ENTERPRISE et al., | |
| Defendants and Respondents. | |

Plaintiff Jim Wright (Wright) was injured by defendant Mark Noack when Noack's vehicle ran over his leg.  Wright filed a complaint for personal injury, which included a claim by his wife, Karen Wright, for loss of consortium.  Following discovery, Noack served a Code of Civil Procedure section 998 offer to settle for $60,001.[1]  Wright did not accept the offer.  Subsequently, a jury awarded Wright $54,805.50.  Both parties brought motions to tax costs.  The trial court concluded that the award to Wright was less

---

[1]  All further statutory references are to the Code of Civil Procedure unless otherwise designated.

1

than the amount of the section 998 offer to compromise. The Wrights appeal, arguing the trial court erred in failing to aggregate both Wright's award and his wife's award for loss of consortium in determining whether he achieved a more favorable result. We shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On a December evening in 2009 Wright participated in the "Parade of Lights," a community Christmas celebration. As Wright stood next to a float, Noack attempted to pass the float and ran over Wright's left leg, crushing his foot. Wright's foot required extensive medical care.

In September 2011 Wright filed a complaint against Noack alleging personal injury from the accident. The complaint also named Karen Wright as a plaintiff and asserted a cause of action for loss of consortium. Noack filed an answer.

Noack served an offer to compromise under section 998 on Wright in August 2012. Noack offered to pay Wright $60,001 in exchange for the entry of a request for dismissal with prejudice of Wright's cause of action in favor of Noack and the execution of a general release by Wright in favor of Noack. Wright rejected the offer.

A jury trial followed. The jury found Wright sustained $23,074 in total past economic loss and $50,000 in general damages. The jury also found Wright was 25 percent at fault for the accident. Accordingly, the verdict was reduced 25 percent to $54,805.50. The jury also awarded Karen Wright $30,000 on her loss of consortium cause of action. Wright was entitled to recover costs incurred prior to the service of the section 998 offer to compromise. These costs totaled $4,747.42, raising his total recovery to $59,552.92.

Wright filed a motion to tax Noack's costs. Wright argued Noack should not be able to recover costs pursuant to section 998 because his wife's loss of consortium award should be added to his net recovery for the purposes of determining whether he recovered

2

an award exceeding the section 998 offer to compromise. Noack opposed Wright's motion to tax costs.

The trial court issued a tentative ruling, finding Wright entitled to $59,552.92. The trial court determined: "The offer to compromise was only directed at plaintiff Jim Wright and not directed jointly at both plaintiffs. Therefore, it only proposed to settle the negligence claim for $60,001 leaving open the issue of recovery of additional damages by plaintiff Karen Wright at trial. The terms of the offer itself did not include the loss of consortium claim. Plaintiff Jim Wright did not obtain [a] more favorable judgment or award on his claim." Subsequently, the tentative ruling became the order of the court.

The judgment provides that Wright is entitled "to recover $54,805.50 plus costs in the amount of $4,747.42," for a total recovery of $59,552.92. The judgment further states Noack was "awarded recoverable costs and expert witness fees of $60,942.55," resulting in a total net judgment against Wright for $1,389.63 in favor of Noack. Karen Wright was awarded $22,500 plus $5,898.15 in costs against Noack. The Wrights filed a notice of appeal.

## DISCUSSION

## I.

## The Notice of Appeal is Timely

At the outset, Noack argues Wright has not noticed an appeal from an appealable order or judgment. Noack points out Wright's notice of appeal states he is appealing from the "Order after hearing on Plaintiff's Motion to Tax Costs," citing section 901.1, subdivision (a)(2). The notice of appeal was filed on April 2, 2013, and judgment was entered about two months later, on May 31, 2013. A notice of entry of judgment on verdict was filed on September 28, 2012.

Wright argues we have the discretion to entertain his appeal under California Rules of Court, rule 8.104(d)(2), which states "[t]he reviewing court may treat a notice of appeal filed after the superior court has announced its intended ruling, but before it has

3

rendered judgment, as filed immediately after entry of judgment." Here, the trial court issued its tentative ruling on February 7, 2013.

Noack argues we should not exercise our discretion to treat Wright's notice of appeal as timely but offers no compelling explanation as to how he is prejudiced by the premature filing. We shall exercise our discretion to consider Wright's appeal.

Noack also moved to strike Wright's "Reply Brief Appendix Volume III" and portions of Wright's reply brief. We also exercise our discretion to consider documents and therefore deny the motion to strike and request for sanctions.

## II.

### The Appropriate Standard of Review is De Novo

Generally, we review a trial court's award of costs under section 998 for an abuse of discretion. The appellant bears the burden to establish the trial court's award of costs constitutes an abuse of discretion. The complaining party must show that the trial court exercised its discretion in an arbitrary, capricious, or absurd manner. Unless we find a clear abuse of discretion or a miscarriage of justice, we will not substitute our opinion for that of the trial court. (*Adams v. Ford Motor Co.* (2011) 199 Cal.App.4th 1475, 1482; *Najera v. Huerta* (2011) 191 Cal.App.4th 872, 877.)

Here, however, the appropriate standard of review is de novo because the trial court's error derives from its interpretation of section 998. Wright argues the trial court erred in determining section 998 does not require his and his wife's damage awards to be added together. (*Barnett v. First National Ins. Co. of America* (2010) 184 Cal.App.4th 1454, 1458; *Rouland v. Pacific Specialty Ins. Co.* (2013) 220 Cal.App.4th 280, 285.)

## III.

### The Trial Court Did Not Err in Refusing to Aggregate the Separate Awards for the Spouses' Injuries

Wright contends the trial court erred in failing to add the amount Karen Wright was awarded in her loss of consortium cause of action to the verdict he received "before

4

making the determination of whether the judgment was more favorable than the $60,001 [section] 998 offer made to Mr. Wright." Wright acknowledges no legal authority supports this position. However, Wright argues since his wife's loss of consortium award is community property, he has a community property interest in his wife's claim and the value of her claim must be added to his claim to determine if his recovery exceeded the section 998 offer to compromise.

Section 998 provides, in part: "(c)(1) If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff shall not recover his or her postoffer costs and shall pay the defendant's costs from the time of the offer. In addition, in any action or proceeding . . . , the court or arbitrator, in its discretion, may require the plaintiff to pay a reasonable sum to cover costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, preparation for trial or arbitration, or during trial or arbitration, of the case by the defendant.

"(2)(A) In determining whether the plaintiff obtains a more favorable judgment, the court or arbitrator shall exclude the postoffer costs. [¶] . . . [¶]

"(e) If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the costs under this section, from the time of the offer, shall be deducted from any damages awarded in favor of the plaintiff. If the costs awarded under this section exceed the amount of the damages awarded to the plaintiff the net amount shall be awarded to the defendant and judgment or award shall be entered accordingly."

Wright's argument is based on the premise that his wife's loss of consortium cause of action is dependent on his personal injury claim and therefore should be added to the value of his recovery. However, a loss of consortium cause of action is separate and distinct from the spouse's personal injury cause of action. " '[T]he injury incurred can neither be said to have been "parasitic" upon the husband's cause of action nor can it be

5

properly characterized as an injury to the marital unit as a whole. Rather, it is comprised of [the spouse's] own physical, psychological and emotional pain and anguish which results when [the injured spouse] is negligently injured to the extent that he [or she] is no longer capable of providing the love, affection, companionship, comfort or sexual relations concomitant with a normal married life. [Citation.]' [Citation.] While joinder of a loss of consortium claim with the injured spouse's personal injury claim is encouraged, it is not mandatory and a loss of consortium claim may be maintained independently." (*Leonard v. John Crane, Inc.* (2012) 206 Cal.App.4th 1274, 1279-1280.) Therefore, Karen Wright's loss of consortium action is " 'wholly separate and distinct from that of her husband . . . .' " (*Atkins v. Strayhorn* (1990) 223 Cal.App.3d 1380, 1394.)

Wright argues courts have authorized defendants to serve section 998 offers jointly on spouses and therefore "personal injury damages should be aggregated as community property for evaluation of whether a verdict was a more favorable result than a [section] 998 offer." In support, Wright cites *Farag v. ArvinMeritor, Inc.* (2012) 205 Cal.App.4th 372 (*Farag*).

In *Farag*, a husband and wife brought suit against the defendant manufacturer of asbestos-containing brake linings for personal injury and loss of consortium. Prior to trial, defendant served a section 998 offer on the Farags for one cent. The offer was made jointly to the Farags and did not specify that the offer was capable of acceptance by either plaintiff without the consent of the other. The Farags did not accept the offer and lost at trial. On appeal, the Farags contended an unallocated joint section 998 offer is void in the absence of a showing the offer provides fair and reasonable value. (*Farag*, *supra*, 205 Cal.App.4th at pp. 374-375, 382.)

The appellate court affirmed the judgment. The court found either spouse may accept a section 998 offer made to both of them on behalf of the community. (*Farag*, *supra*, 205 Cal.App.4th at pp. 381-382.) However, that is not the case before us. Here,

6

the section 998 offer was directed solely to Wright on his cause of action for personal injuries. Karen Wright was not included in the offer, nor was her claim for loss of consortium.

Section 998 does not require a plaintiff to make a global settlement offer to all defendants in an action, or to make an offer that resolves all aspects of a case. (*Westamerica Bank v. MBG Industries, Inc.* (2007) 158 Cal.App.4th 109, 130 (*Westamerica*).) If a section 998 offer is made to multiple parties, it must be explicitly apportioned among the parties so that each offeree may accept or reject the offer individually. (*Ibid*.) Noack did not include Karen Wright in his section 998 offer, nor did he apportion the offer between husband and wife. As the trial court observed, *Farag* "does not hold that the judgments for claims by two spouses are one judgment for the purposes of the determination of whether or not a more favorable judgment or award is obtained by one of the spouses on that spouse's individual claim where the statutory offer to compromise was not a joint offer and only involved one spouse's claim." We agree with the trial court's analysis and find *Farag* does not compel a different result.

Finally, Wright asserts that public policy supports aggregating the verdicts. According to Wright, "If a defendant were allowed, as in this case, to serve a valid [section] 998 offer only to the injured plaintiff, it would have the practical ramification of allowing a defendant to force a consortium plaintiff to walk away from his or her case because of the cost and proof requirements involved with it. This is true despite the fact that the case has value and is valid. It is an unfair and absurd result when the two plaintiffs are married, the verdicts are community property and all stem from one injury to one spouse caused by one defendant's actions. These two claims need to be viewed as joint claims and aggregated to determine if the judgment is more favorable than a [section] 998 offer to one spouse individually."

Tellingly, Wright offers no authority for this public policy argument. In interpreting a section 998 offer, "general contract principles apply when they neither

7

conflict with nor defeat the statute's purpose of encouraging the settlement of lawsuits prior to trial." (*Westamerica*, *supra*, 158 Cal.App.4th at p. 129.) While courts have the discretion to disregard a section 998 offer when the party proposing the offer is "gaming the system," nothing in the present case establishes any such manipulation on Noack's part. Instead, Noack offered to settle Wright's personal injury claim for $60,001. The offer made no mention of Karen Wright's claim. At trial, Wright recovered $59,552.92, less than Noack's offer. The court did not abuse its discretion in awarding Noack postoffer costs under section 998.

## DISPOSITION

The judgment is affirmed. Noack shall recover costs on appeal.

                                                     RAYE            , P. J.

We concur:

      MURRAY      , J.

      DUARTE      , J.